## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal No.  06-124 (ESH)** |
| | : | |
| **v.** | : | |
| | : | |
| **CASSANDRA HARRIS,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

### GOVERNMENT'S MOTION IN LIMINE

The United States of America, by and through the undersigned Assistant United States Attorneys, hereby move this Court for an order excluding evidence relating to the following: (1) defendant's attempts to pay her outstanding tax liabilities to the Internal Revenue Service ("IRS") and District of Columbia Office of Tax and Revenue ("OTR") after she learned that these agencies were conducting criminal investigations; (2) government's ability to proceed civilly, rather than criminally; and (3) the tax protester materials defendant claims she relied upon in forming her belief that she was no longer required to pay taxes.  Defendant's action after she learned she was under criminal investigation and the government's decision to prosecute is irrelevant and should be excluded.  Defendant's incorrect view of the law should only be admissible as it relates to her willfulness to commit the instant offenses.  The materials, however, should not be admitted as exhibits.  Only the Court is permitted to explain the law to the jury and these materials, which incorrectly state the law, would confuse the jury and substantially prejudice the government.

### FACTUAL BACKGROUND

Defendant Cassandra Harris is charged by Indictment with four counts of tax evasion in violation of 26 U.S.C. § 7201 and one count of first degree fraud, in violation of D.C. Code § 22-

3221(a) .  These charges stem from defendant's affirmative attempts to evade her federal and

local income taxes for the calendar years 1999 through and including 2002.  Prior to 1999,

defendant, who has been employed by the U.S. Central Intelligence Agency ("CIA") as a human

resource specialist, timely filed her federal and D.C. returns and paid the taxes due and owing.  In

1999, however, she stopped.  In January 1999, she submitted a Form W-4 to her employer

wherein she instructed her employer to cease withholding taxes from her pay.  On or about April

25, 2000, defendant filed the appropriate forms with the federal and D.C. governments, but

falsely stated she had no income and owed no taxes.[1]  In fact, for 1999, defendant demanded a

refund of all the taxes that had been withheld before her exempt withholding status took effect.

As early as February 2001, the IRS attempted to resolve defendant's delinquency.

Defendant did not respond.

Shortly thereafter, in April 2001, defendant filed a Form 1040 with the IRS and a Form

D-40 with OTR.  Again, she claimed on the federal return that she had no wages and owed no

taxes for the 2000.  She also attached a document, stating her views why she was not required to

pay taxes.[2]

The IRS continued to contact her.  Although she spoke with an IRS employee, defendant

never attempted to settle her outstanding tax liability.  Instead, on July 27, 2001, defendant filed

three additional documents with the IRS, claiming among other things that the tax laws were

---

[1]  Defendant's gross income in 1999 was $72,656 and she owed approximately $12,730 to the federal government and approximately $5,886 to the District of Columbia.

[2]  Defendant reported her correct income of $74,824 and tax due of $6,140 on her D-40 Form, but did not pay.  She similarly attached a document explaining her tax protester views to her D-40 Form.  Based on her salary for 2000, the defendant owes approximately $13,703 in federal taxes.

unconstitutional. Several months later, OTR contacted defendant regarding her local income taxes.

Although she earned $85,502 in 2001, defendant did not timely file federal or DC income tax returns[3]. IRS continued to seek civil settlement. OTR, however, referred her for criminal prosecution. In May 2002, OTR Special Agent Joseph Saddler contacted defendant to set up a meeting. Although defendant met with Agent Saddler the following month, she refused to be interviewed. Instead, she provided him with another tax protester document, entitled Notice of Status, in which she stated among other things:

> I, Cassandra Harris, a living soul and inhabitant of the land in the District of Columbia, by the exercise of substantive and inherent rights, does hereby NOTICE the General Public and All Governmental, Administrative and Corporate Entities operating upon the Soil of Washington DC that Cassandra Harris is not a representative, in any manner, of a Legal Fiction.

On September 16, 2002, OTR placed a tax levy on her bank account.[4]

In the meantime, the IRS continued in its efforts to resolve defendant's delinquency. Yet, she refused to cooperate. In April 2003, she failed yet again to timely file her 2002 federal income tax return even though she earned $81,088 and owed approximately $14,456 in taxes. Instead, she filed a UCC financing statement with the State of Maryland, listing herself incorporated as debtor and personally as the creditor, in an attempt to foreclose an IRS lien. She also sent a document, purporting to be a bond and a letter to the Department of Treasury stating

---

[3] Defendant owed approximately $16,183 in federal taxes and $6,848 to the District of Columbia based on her salary for 2001.

[4] OTR again tried to settle the matter civilly. Defendant promised to enter into a payment plan and submitted four partial payments. She did not, however, continue to make those monthly payments.

that the bond would discharge any debt she may owe.  The bond amount was left blank for the IRS to fill in.

In May 2004, an IRS criminal investigator attempted to contact defendant.  Within weeks, defendant filed income tax returns for the years 1999 through and including 2002, in which she correctly stated her income and calculated the taxes she owed.  She did not, however, make any payments with the filings.

On June 12, 2006, defendant provided the government with her reciprocal discovery, consisting of five documents which she anticipates using at trial.[5]  See Exhibit 1.  One document is a purported bond representing defendant's attempt to pay her outstanding tax liabilities. Two documents, a December 26, 2003 letter to the IRS and a document called "Cracking the Code," are tax protester documents containing many inaccurate statements of the law.

## LEGAL ARGUMENT

In order to facilitate compliance with Rule 103 of the Federal Rules of Evidence, the Government moves in limine that such evidence be held inadmissible and defendant instructed not to introduce such inadmissible evidence in the presence of a jury.  Rule 103 (c) provides:

> In jury cases, proceedings shall be conducted, to the extent practicable, so as to prevent inadmissible evidence from being suggested to the jury by any means, such as making statements or offers of proof or asking questions in the hearing of the jury.

---

[5]  Under Fed.R. Crim. Pro. 16(b)(1)(A) the defendant is required to provide the government with reciprocal discovery.  Defendant provided the government with only five documents that she anticipates using at trial.  The government therefore, assumes that the defendant does not intend to introduce any other documents at trial, including those in the possession of the government.  *See United States v. Hsia*, 2000 WL 195067 (D.D.C. 2000). Assuming arguendo that the defendant intends to present other documents relating to her subsequent actions or tax protester materials, the government requests discovery and submits they are likewise, inadmissible for the reasons set forth in this motion.

The Advisory Committee notes to Subdivision (c) states, "[t]his subdivision proceeds on the supposition that a ruling which excludes evidence in a jury case is likely to be a pointless procedure if the excluded evidence nevertheless come to the attention of the jury." *Fed.R.Evid. 103 advisory committee notes, citing Bruton v. United States*, 389 U.S. 818 (1968). Based on the foregoing considerations, the Government requests that the Court to grant the instant motion, thereby creating a means with which to comply with the intent of Rule 103(c), and thus, prevent the possibility of jury prejudice and confusion through the exposure of inadmissible evidence.

A.    **Defendant's Subsequent Partial Payment of Taxes Or Filing Late Tax Returns Are Inadmissible As The Evidence Relates to Willfulness.**

In tax prosecutions, delinquently filing an income tax return or paying taxes due after the fact is not relevant to a determination of willfulness and will not excuse criminal liability. The Ninth Circuit reached this conclusion in *United States v. Ross*, 626 F.2d 77 (9th Cir. 1980). Defendant Ross was charged with failing to file tax returns for the years 1972 through 1974. The trial excluded defendant Ross's evidence that he filed his 1972 through 1974 returns in 1976 and offered to pay the delinquent taxes. *Id.* at 81. Judge Peck wrote that "[t]he conduct of the defendant in the years subsequent to 1972, 1973, and 1974 was not relevant to the charge that defendant had willfully failed to file returns in those years." *Id. See also United States v. Radtke,* 415 F.3d 826, 840-41 (8th Cir. 2005)(excluding an amended tax return filed post-indictment because "there is no doubt that self-serving exculpatory acts performed substantially after a defendant's wrongdoing is discovered are of minimal probative value as to his state of mind at the time of the alleged crime"); *United States v. Pang*, 362 F.3d 1187, 1194 (9th Cir. 2004)(finding subsequent intention to pay irrelevant because "[w]ere the rule otherwise, tax

evaders could evade criminal prosecution simply by paying up after being caught"); *United States v. Sawyer*, 607 F.2d 1190, 1193 (7th Cir. 1979), *cert. denied*, 445 U.S. 943 (1980) (excluding evidence that defendant paid taxes late because the late filing and late payment of taxes is "immaterial on the issue of willfulness"); *United States v. Ming*, 466 F.2d 1000, 1005 (7th Cir.), *cert. denied*, 409 U.S. 915 (1972) (late filing and late payment of taxes is immaterial to a charge of failing to file a return).[6]

In addition, the defendant may attempt to argue that the government could have obtained Harris' taxes civilly. The fact that the government could have proceeded civilly, instead of criminally, is "irrelevant to the issue of criminal liability" and the defendant is not entitled to an instruction that the government could assess the taxes without filing criminal charges. *United States v. Buras*, 633 F.2d 1356, 1360 (9th Cir. 1980); *United States v. Merrick*, 464 F.2d 1087, 1093 (10th Cir. 1972)(finding "no relevance" in a jury instruction that a civil case might be brought against a defendant who was convicted of evasion under 27 U.S.C. § 7201). Therefore, any defense argument that the government should have treated the defendant civilly should be excluded.

**B.     Tax Protest Materials Should Be Excluded.**

The Government anticipates that defendant will offer tax protester materials in her defense. A number of courts have excluded the admission of legal documents because they pose a danger of confusing a jury, and inviting the jury to instruct itself on the applicable law. United

---

[6]     While *Ming* and *Sawyer* found that a defendant's late filing of tax return was immaterial to issue of "wilfullness" as set forth in 27 U.S.C. § 7203, the Supreme Court in *United States v. Bishop*, 412 U.S. 346, 356 (1973) indicates that "the word 'willfully' possesses the same meaning in §§ 7201, 7203 and 7207."

*States v. Saldana*, 427 F.3d 298, 306-07 (5th Cir. 2005)(affirming the trial court's exclusion of manuals distributed at a "tax class" that included statutes, cases, banking and credit card instructions, and "various bizarre papers"); *United States v. Simkanin*, 420 F.3d 397, 404 (5th Cir. 2005)(a tax evader's attempt to establish a good faith defense must nevertheless not "confuse the jury as to the actual state of the law"); *United States v. Willis*, 277 F.3d 1026, 1033 (8th Cir. 2002)(affirming the trial court excluding statutes and judicial opinions as evidence of a belief that the defendant was not required to pay taxes because, in part, such materials "would have had a high potential to confuse the jury and conflict with the court's responsibility to instruct on the law"); United *States v. Barnett*, 945 F.2d 1296, 1301 (5th Cir. 1991), *cert. denied*, 503 U.S. 941 (1992) (excluded evidence related to taxation laws, including the Constitution and Black's Law Dictionary); *United States v. Willie*, 941 F.2d 1384, 1391-95 (10th Cir. 1991), *cert. denied*, 502 U.S. 1106 (1992) (holding alternatively that Constitution and letters from the defendant to the Department of Justice were properly excluded under Rule 403, in part, because of the dangers of jury misuse); *United States v. Bergman*, 813 F.2d 1027, 1029-30 (9th Cir.), *cert. denied*, 484 U.S. 852 (1987) (excluded cases, the Constitution, the Declaration of Independence, and the Internal Revenue Code); *United States v. Flitcraft*, 803 F.2d 184 (5th Cir. 1986), *cert. denied*, 490 U.S. 1080 (1989) (finding that cases and documents defendants relied upon in concluding they were not subject to federal taxation laws had little probative value and might confuse the jury that the law is unsettled); *United States v. Latham*, 754 F.2d 747, 751 (7th Cir. 1985) (no abuse of discretion in excluding defendant's evidence related to his tax beliefs, including letters from a legal defense fund for tax protesters). These courts have held that the Federal Rules of Evidence are satisfied by allowing a defendant to testify about the effect of the documents in

forming his belief.  *See, e.g., Willie*, 941 F.2d at 1398; *Bergman, id.*

In *Barnett*, the Fifth Circuit noted the "delicate balancing" act required by Federal Rule of Evidence 403, finding the balance was exclusion of the material, but allowing defendants to testify about the contents and the effects in forming their beliefs.  945 F.2d  at 1301.  The *Barnett* court excluded copies of the Internal Revenue Code, the United States Constitution, a Black's Law Dictionary definition of income, the Texas State Constitution, a book entitled <u>Are You Required</u>, and a book entitled <u>How Anyone Can Stop Paying Income Taxes</u>.  *Id.* at 1301 n.2.

In *Willie*, the Tenth Circuit found that the trial court had properly excluded the Constitution, a history of Congress dated 1792, pages of session laws, a Navaho Treaty, the Coinage Act of 1965, and letters from the defendant to the Department of Justice and Treasury.  941 F.2d at 1391.  The *Willie* court commented that the defendant's testimony was more probative than the documents themselves and "it would be most confusing to a jury to have legal material introduced as evidence and then argued as to what the law is or ought to be."  *Id.* at 1395-96.  *See also United States v. Mann*, 884 F.2d 532, 538 (10th Cir. 1989) (defendant's testimony regarding his views was more probative than cases or publications representing the source of the views); but see *United States v. Gaumer*, 972 F.2d 723, 725 (6th Cir. 1992) (although documents need not be admitted, trial court erred by not permitting defendant to read relevant portions to the jury), *cert. denied after remand*, 513 U.S. 954 (1994).  The dissent by Judge Siler effectively describes the potential for confusion by the admission of this evidence, and he would follow the majority of circuits that exclude the material.

The Government respectfully requests that the Court exclude the admission of legal opinions, cases, and tax protest materials.

8

WHEREFORE, it is respectfully requested that the Court grant the government's Motion in Limine.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
D.C. Bar #451058

_____

Susan Menzer, D.C. Bar 421007
Diane G. Lucas, D.C. Bar #443610
Assistant United States Attorneys
Fraud and Public Corruption Section
555 4th Street NW, Fifth Floor
Washington, DC 20530
(202) 514-8097 (Lucas)
(202) 514-6968 (Menzer)

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion was served by facsimile and mail upon defense counsel, Dennis Eshman, Esquire, 1717 K Street N.W., Suite 600, Washington, D.C. on this 30th day of June, 2006.

_____

Diane G. Lucas