UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal No. 06-124 (ESH)** |
| v. | : | |
| **CASSANDRA HARRIS,** | : | |
| Defendant. | : | |

### OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE

The United States of America, by and through Assistant United States Attorneys Susan Menzer and Diane G. Lucas, moved this Court for an order excluding evidence relating to the following: (1) defendant's attempts to pay her outstanding tax liabilities to the Internal Revenue Service (IRS) and District of Columbia's Office of Tax and Revenue (OTR) after she learned that such agencies were conducting criminal investigations; (2) government's ability to proceed civilly rather than criminally; and (3) tax protester materials that the defendant relied upon in forming her belief that she was not required to pay taxes. The government specifically requested that the Court exclude the admission of legal opinions, cases, and tax protest materials.

### LEGAL ARGUMENT

The defendant recognizes that Rule 103 of the Federal Rules of Evidence requires that proceedings be conducted, to the extent practicable, so as to prevent inadmissible evidence from being suggested to the jury. Federal Rule of Evidence 403 specifies that evidence may be excluded, even if such evidence is relevant, if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, among other things.

Elements of the violations of 26 U.S.C. section 7201 are as follows: (1) an affirmative act that constitutes an evasion of tax; (2) a tax deficiency; and (3) willfulness. U.S. v. Coppola, 425 F.2d 660 (2nd Cir. 1969). The defendant contends that evidence that she would introduce is relevant to the matter of her willfulness to evade or not evade obligations to pay income taxes. The defendant does not intend to introduce documents into evidence that are publications by third parties that would ordinarily be considered tax protest materials. Other documents that the defendant would intend to introduce into evidence would not be unfairly prejudicial, confuse the issues, or mislead the jury. Any documents that the defendant would introduce into evidence would bear on the willfulness, or lack thereof, of the defendant to evade the obligation to pay her income taxes.

The Tenth Circuit has held that a jury may hear evidence that bears on the willfulness of a defendant's actions. А good faith misunderstanding of the duty to pay income taxes can negate the willfulness element of tax evasion, and the misunderstanding need not have a reasonable basis to provide a defense. However, the jury can consider reasonableness of the belief in determining whether the defendant's beliefs are genuinely held. United States v. Collins, 920 F.2d 619, at 622 (10th Cir. 1990).

If the defendant's lack of willfulness is based on a misunderstanding of the law, the defendant is entitled to introduce evidence to that effect. A defendant charged with tax evasion is free to argue that his mistaken interpretation of tax laws defeats the mental state necessary to the offense. If the jury credits a good-faith misunderstanding and belief submission, whether or not the claimed belief or misunderstanding is objectively

reasonable, the government has not met its burden.  United States v. Cheek, 931 F.2d 1206, at 1208 (7th Cir. 1991).

In fact, the Ninth Circuit has found that actions of the defendant, either before or after the date on which the defendant became aware of the government's prosecution, may be admissible for the purpose of determining the willfulness of the defendant. Independent evidence of willfulness may be established by the so-called badges of fraud and acts both prior and subsequent to the indictment period may be probative of the defendant's state of mind.  United States v. Voorhies, 658 F.2d 710, at 715 (9th Cir. 1981).

To strike the appropriate balance between allowing evidence of willfulness to be introduced and avoiding unfair prejudice, confusion of the issues, or misleading the jury, the Fifth Circuit has excluded documentary evidence but allowed testimonial evidence as to willfulness. United States v. Barnett, 945 F.2d 1296 (5th Cir. 1991).  In Barnett, the court recognized that Federal Rule 403 requires a delicate balancing act such that relevant evidence is not improperly excluded, and the balance was achieved by allowing the defendant to testify as to matters for which documentary evidence was excluded.

For the reasons cited, the defendant does not object to exclusion of publications of third parties that are of the tax protester materials genre.  However, for other materials that may be relevant to the willfulness of the defendant, the defendant opposes the government's motion to exclude such documents.  Such documents may be relevant to the willfulness of the defendant to evade income taxes.  According to the authority cited above, such documents are admissible.  At the very least, the defendant believes that,

even if documents are excluded, the defendant should be permitted to offer oral testimonial evidence that bears on her willfulness.

WHEREFORE, it is respectfully requested that the Court deny, at least in part, the government's Motion in Limine.

Respectfully submitted,

_____/s/_____
Dennis Eshman, D.C. Bar #: 366906
The Law Firm of Dennis Eshman, PLLC
1717 K Street, N.W., Suite 600
Washington, D.C. 20036
(703) 339-8783

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Opposition to the Government's Motion in Limine was served by facsimile and mail upon Susan Menzer and Dianne G. Lucas, Assistant United States Attorneys, 555 4th Street, N.W., Fifth Floor, Washington, D.C. on this 9th day of July 2006.

_____/s/_____
Dennis Eshman