IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>       Plaintiff, )<br>       )<br>      v. )<br>       )<br>CASSANDRA HARRIS, )<br>       Defendant )| CASE No.: 1:06-cr-00124-ESH |

**DEFENDANT CASSANDRA HARRIS'S
MOTION FOR CONTINUANCE**

The Defendant Cassandra Harris, pursuant to 18 U.S.C. § 3161(h)(8)(A) & (B), by and through undersigned counsel, respectfully moves the Court for an entry of an Order continuing the trial of this cause until the November, 2006 Term of Court. In furtherance of this Motion, the Defendant submits the following Memorandum and points of authority.

Respectfully Submitted,

s/ Mark Lane_____
MARK LANE
The Lane Law Firm
2523 Brunswick Rd
Charlottesville, Va. 22093

(434) 293-2349
Attorney for Cassandra Harris

**MEMORANDUM IN SUPPORT OF THE**
**DEFENDANT'S MOTION FOR CONTINUANCE**

1. On May 10, 2006, an Indictment, allegedly entered by a Grand Jury sitting in the District of Columbia, returned a five count indictment against the Defendant, alleging that Ms. Harris willfully caused to be filed fraudulent income tax returns in violation of 26 U.S.C. §7201.

2. This Indictment is undated and unsigned by any individual representing the Grand Jury. _See_ Docket at 1. The failure to have filed a signed, dated Indictment from the Grand Jury foreperson by the government seriously brings into question whether a properly impaneled Grand Jury concurred to bring forth this alleged indictment in open court. _See_ Rule 6(f), Federal Rules of Criminal Procedure.

3. Ms. Harris was arraigned on May 15, 2006, and released on her own personal recognizance.

4. Mrs. Harris is currently an employee of the United States Central Intelligence Agency; ("CIA"); and has worked for the CIA since 1977, serving our Nation faithfully for almost thirty years.

5. Ms. Harris has made concerted efforts to secure counsel to represent her in this matter. Ms. Harris had retained an attorney who had previously appeared for defendants in criminal cases in the United States District Court. In addition, Ms. Harris had fully paid the requested fee for services to be rendered in this case. However, that attorney withdrew and returned almost the entire fee. Ms. Harris suspects that the attorney withdrew because Ms. Harris was employed by the CIA, and therefore, approval of counsel by the CIA was required. That unusual circumstance does not obtain in most cases. Subsequently, Mrs. Harris and her friends searched the Internet seeking to find counsel qualified to deal with tax matters. Ms. Harris then retained Mr. Dennis Eshman, Esquire, believing that he had experience in federal criminal trial cases. However, it is

now clear that Mr. Eshman has not had experience in federal criminal trial cases, whether they are tax matters or other matters. Subsequently, Ms. Harris retained Mark Lane who has had experience in similar cases, but who has not yet had an opportunity to examine the facts in this case in order to prepare and file the necessary dispositive and other motions.

6. Although 18 U.S.C. §3161(c)(1) mandates that the trial of an individual charged with a criminal offense must commence within seventy days from the filing of the indictment, 18 U.S.C. § 3161(h)(8)(A) allows for a continuance in unusual and complex cases where an ordinary amount of time to prepare for trial is inadequate. A continuance beyond the seventy day limit is permissible if the court determines that the ends of justice is served by granting a continuance and outweigh the best interest of the public or the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(8)(A). Some of the factors set forth in §3161(h)(8)(B) to be considered in determining whether to grant a continuance, in pertinent part, are as follows:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

*See* 18 U.S.C. § 3161(h)(8)(B).

7. This is an unusual and complex case within the meaning of 18 U.S.C. § 3161 (h)(8)(B)(ii). This matter involves the alleged violation of the Internal Revenue Code, and a

miscarriage of justice would result if a continuance is not granted because of the lack of available preparation time. A good deal of material must be reviewed and digested in order to effectively prepare for trial.

8. If the Court determines that 18 U.S.C. § 3161(h)(8)(B)(ii) does not apply, then failure to grant a continuance "would deny counsel for the defendant...the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." See 18 U.S.C. § 3161(h)(8)(B)(iv).

9. On September 6, 2006, undersigned counsel received the discovery provided by the Defendant's counsel of record, Mr. Dennis Eshman, Esquire. Mr. Eshman is a member of the Bar of the District Court for the District of Columbia. [1] He has never tried a criminal case in the United States District Court.

10. In my fifty-five years of practice, I have appeared as defense counsel in numerous criminal cases tried in United States District Courts throughout the nation. I have never seen any case similar to this case in which the Defendant had not filed dispositive motions. Today, I have filed a Notice of Appearance, and today, for the first time, Mr. Eshman, sent to me, the government's discovery documents.

11. It is my belief, that the Defendant in this case will be deprived of effective assistance of counsel if a continuance is not ordered by this Court, so that the requisite research and filing of dispositive motions, thus far, not done in this case by counsel, could be initiated, completed and submitted. Even a cursory examination of the record reveals that appropriate motions contesting the validity of the indictment and other dispositive motions are constrained and should have been filed previously. See Docket. The failure to file is not caused by the Defendant. I spoke with Mr.

---

[1] Mr. Eshman, by his own admission, is an attorney who specializes in adoptions, family law, and civil matters regarding tax audits and the preparation of tax returns. See http://www.eshmanlaw.com/.

4

Eshman for the first time on September 5, 2006. Mr. Eshman informed me that he had never tried a case in federal court. I have; and I require some time in order to meet my obligations as a member of the Bar and of this Court.

12. Upon review of the discovery provided by the Government to Mr. Eshman, Esq., undersigned counsel has determined that there are numerous documents, reports and other evidence subject to disclosure, discovery, inspection or subpoena pursuant to Rules 6(e), 16(a) and 17 of the Federal Rules of Criminal Procedure which are in the government's possession, namely the Internal Revenue Service's possession, which will prove to be favorable and useful to Mrs. Harris during the course of these criminal proceedings.

13. Upon review of the discovery provided by the Government, there is evidence, reports, notes or other information subject to production or disclosure at trial pursuant to 18 U.S.C. §3500 and Rules 612 & 613(a) of the Federal Rules of Evidence which has not been provided to defense counsel at the present time.

14. Pursuant to Federal Rule of Evidence 404(b) and to Amendments V, VI, and VIII of the United States Constitution, the government is required to provide notice of its intention to offer evidence of other crimes, wrongs, or bad acts allegedly committed by the Defendants, and to disclose the facts and circumstances underlying such evidence. At this juncture, the Government has not provided any evidence to the Defendant pursuant to Rule 404(b).

15. Defendant Cassandra Harris is in the process of trying to obtain information deemed relevant to this case, which may bear on whether a Motion to Dismiss the indictment is appropriate. In particular, there are Government notes of interviews with persons who are or may be witnesses, or with other persons who may have provided exculpatory evidence or information, of which are a type of material evidence which the government must maintain, that will show

when the Internal Revenue Service began its criminal investigation, and when Ms. Harris in fact attempted to comply with the Internal Revenue Code. The undersigned counsel must be able to explore this evidence as to determine whether such a motion may properly be filed in this case.

16. Although it is unclear on what specific date a Grand Jury sitting in the District of Columbia returned an Indictment, since the copy served upon the Defendant is undated, or whether in fact a valid Indictment was returned, the government obviously has had a significant "grace period" in order to prepare for trial; *e.g.;* from the time of the Grand Jury's return of the Indictment, allegedly in May, 2006, and as previously stated, the record reflects that counsel representing Mrs. Harris has done nothing in order to protect Mrs. Harris's rights, other than opposing a Motion in *Limine*. *See* Docket.

17. On September 6, 2006, undersigned counsel's office contacted the Untied States Attorneys Office, and was informed that the government opposes this Motion.

18. Mrs. Harris understands her constitutional and statutory right(s) to a speedy trial. For the reasons stated above, the Defendant has deemed it to be in her best interest to waive those rights and her affirmation attesting to waive her right to a speedy trial will be filed with the Court forthwith. [2]

---

[2] In *Zedner v. United States*, ___ U.S. ___, 164 L.Ed.2d 749; 126 S. Ct. 1976 (June 5, 2006), the Supreme Court apparently rejected the notion that the defendant may unilaterally waive the strictures of the Speedy Trial Act. Justice Alito wrote:

> "As our discussion above suggests, the Speedy Trial Act comprehensively regulates the time within which a trial must begin. Section 3161(h) specifies in detail numerous categories of delay that are not counted in applying the Act's deadlines. Conspicuously, § 3161(h) has no provision excluding periods of delay during which a defendant waives the application of the Act, and it is apparent from the terms of the Act that this omission was a considered one. Instead of simply allowing defendants to opt out of the Act, the Act demands that defense continuance requests fit within one of the specific exclusions set out in subsection (h). Subsection (h)(8), which permits ends-of-justice continuances, was plainly

19. The government will not be prejudiced by the Court granting a Motion for Continuance of Trial, and if the Court grants the instant motion, the Defendant would ask that this Court make a finding that the ends of justice outweigh the best interest of the public to a speedy trial. Particularly, since the Defendant has not been able to participate in the normal course of pre-trial discovery, and the filing of dispositive pre-trial motions.

20. The charges against Ms. Harris are very serious and carry heavy penalties. Ms. Harris is entitled to a continuance so that she and her counsel can prepare to defend against those charges.

---

meant to cover many of these requests. Among the factors that a district court must consider in deciding whether to grant an ends-of-justice continuance are a defendant's need for "reasonable time to obtain counsel," "continuity of counsel," and "effective preparation" of counsel. § 3161(h)(8)(B)(iv). If a defendant could simply waive the application of the Act whenever he or she wanted more time, no defendant would ever need to put such considerations before the court under the rubric of an ends-of-justice exclusion.

The purposes of the Act also cut against exclusion on the grounds of mere consent or waiver. If the [***23] Act were designed solely to protect a defendant's right to a speedy trial, it would make sense to allow a defendant to waive the application of the Act. But the Act was designed with the public interest firmly in mind. *See*, *e.g.*, 18 U.S.C. § 3161(h)(8)(A) (to exclude delay resulting from a continuance-- even one "granted . . . at the request of the defendant"--the district court must find "that the ends of justice served . . . outweigh the *best interest of the public* and the defendant *in a speedy trial*" (emphasis added)). That public interest cannot be served, the Act recognizes, if defendants may opt out of the Act entirely."

*Zedner, supra,* 164 L.Ed.2d 749; 763-764; 126 S. Ct. 1976, 1985.

"[W]e are unwilling to recognize an estoppel based on petitioner's promise not to move for dismissal because doing so would entirely swallow the Act's no-waiver policy. We see little difference between granting a defendant's request for a continuance in exchange for a promise not to move for dismissal and permitting a prospective waiver, and as we hold above, prospective waivers are inconsistent with the Act."

*Zedner, supra*, 164 L.Ed.2d 749, 765; 126 S. Ct. 1976, 1988.

7

21.     No previous application for a Continuance has been filed by the Defendant in this case.

**WHEREFORE**, the Defendant Cassandra Harris respectfully moves the Court for an entry of an Order continuing this matter from the September, 2006 Calendar Term, to the November, 2006 Calendar Term for trial, and grant any other relief to the Defendant that the Court may deem proper.

Respectfully Submitted,

s/ Mark Lane_____
MARK LANE
The Lane Law Firm
2523 Brunswick Rd
Charlottesville, Va. 22093

(434) 293-2349
Attorney for Cassandra Harris

Dated:  September 6, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2006, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

**Susan Beth Menzer**
U.S. ATTORNEY'S OFFICE
555 Fourth Street, NW
Washington, DC 20530
(202) 514-6968
Fax: (202) 307-2304
Email: *susan.menzer@usdoj.gov*

**Diane G. Lucas**
U.S. ATTORNEY'S OFFICE
555 Fourth Street, NW
Room 5921
Washington, DC 20530
(202) 514-8097
Fax: (202) 305-8537
Email: *diane.lucas@usdoj.gov*

Law Firm of Dennis Eshman, PLLC
1717 K St. NW
Suite 600
Washington, DC 20036
Phone: (202) 332-1244
Fax: (703) 339-8783
Email:**eshmanlaw@cox.net**


S/  Mark Lane