## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 06-124 (ESH) |
| v. | : | |
| CASSANDRA HARRIS, | : | |
| Defendant. | : | |

## GOVERNMENT'S MOTION TO
## ALLOW AGENT AT COUNSEL TABLE

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following motion and memorandum in support of its motion to allow Special Agent Sharnell Thomas of the Internal Revenue Service to sit at counsel table throughout trial.

Fed. R. Evid. 615 mandates, upon motion, the sequestration of the witnesses in any case. Excluded from this rule, however, is "an officer or employee of a party which is not a natural person designated as its representative by its attorney. . ." Rule 615(2). Agent Thomas falls squarely within this exception. United States v. Gonzalez, 918 F.2d 1129, 1137-1138 (3rd Cir. 1990), cert. denied, 1111 S.Ct. 1637 (1991) (noting the "[m]any circuits" that recognize an exception for government case agents); United States v. Parodi, 703 F.2d 768 (4th Cir. 1983) (no error of trial court in not sequestering narcotics agent at trial).

As noted in the Senate Judiciary Committee Report 93-1277:

> Many district courts permit government counsel to have an investigative agent at counsel table throughout the trial although the agent is or may be a witness. The practice is permitted as an exception to the rule of exclusion and compares with the situation defense counsel finds himself in – he always has the client with him to consult during the trial. The investigative agent's presence may be

> extremely important to government counsel, especially when the case is complex or involves some specialized subject matter. The agent, too, having lived with the case for a long time, may be able to assist in meeting trials surprises where the best-prepared counsel would otherwise have difficulty . . .
>
> This problem is solved if it is clear that investigative agents are within the groups specified under the second exception made in the rule for 'an officer or employee of a party which is not a natural person designated as its representative by its attorney.' It is our understanding that this was the intention of the House committee. It is certainly this committee's construction of the rule.

S. Rep. No. 93-1277, 93rd Cong., 2nd Sess. (1974), U.S. Code Cong. & Admin. News 1974, pp. 7051, 7073, reprinted in Historical Note, 28 U.S.C.A., Rule 615.

The Advisory Committee's's note takes the position that while Rule 615 admits the authority of the trial judge, the question of sequestration is no longer one of discretion but of right. Fed. R. Evid. 615 Advisory Committee's note. Similarly, in In re: United States, 584 F. 2d 666, 667 (5th Cir. 1978), the Fifth Circuit held that the trial judge erred in excluding a federal agent from the courtroom after the prosecution had designated him as its representative pursuant to Section 615(2).

Even prior to the adoption of Rule 615, it was proper for an agent to sit at counsel table even though he testified as a witness, e.g., United States v. Maestas, 523 F.2d 316 (10th Cir. 1975); United States v. Pelligrino, 470 F.2d 1205, 1208 (2nd Cir. 1972), cert. denied, 411 U.S. 918 (1973) (no error where trial judge permitted government agent to sit at counsel table throughout entire trial and testify as the prosecutor's last witness in its case-in-chief).

Indeed, this practice is recognized and permitted in this circuit and has been requested by government counsel and granted in a number of different cases. See, e.g. United States v. Modou Camara, No. 02-157, October 15, 2003, (J. Roberts); United States v. Weaver, Jr., No. 99-363,

January 13, 2000 (J. Roberts); <u>United States v. Sayan</u>, No. 88-0148, May 1, 1989 (J. Lamberth); and <u>United States v. Barbara Love</u>, No. 91-0122, October 31, 1991 (J. Johnson).

WHEREFORE, for the foregoing reasons, the United States moves this Court to allow Special Agent Sharnell Thomas to sit at counsel table during the trial.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
D.C. Bar #451058

_____
Susan Menzer
Diane G. Lucas
Assistant United States Attorneys
Fraud and Public Corruption Section
555 4th Street NW, Fifth Floor
Washington, DC 20530
(202) 514-6968 (Menzer)
(202) 514-8097 (Lucas)