IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE No.:  1:06-cr-00124-ESH |
| ) | |
| CASSANDRA HARRIS, ) | |
| Defendant ) | |

**DEFENDANT'S MOTION TO DISMISS THE INDICTMENT**

The Defendant Cassandra Harris, by and through undersigned counsel and pursuant to Federal Rule of Criminal Procedure 12(b), respectfully moves the Court for an entry of an Order dismissing the May 10, 2006 Indictment charging the Defendant with violations of 26 U.S.C. §7201, and Title 22, District of Columbia Code §3221(a).

Respectfully Submitted,

September 14, 2006

s/ Mark Lane_____
MARK LANE
The Lane Law Firm
2523 Brunswick Rd
Charlottesville, Va. 22093
(434) 293-2349
Attorney for Cassandra Harris

**DEFENDANT'S MEMORANDUM IN SUPPORT OF HER
MOTION TO DISMISS THE INDICTMENT**

**BACKGROUND**

1. The Defendant is currently an employee of the United States Central Intelligence Agency; ("CIA"); and has worked for the CIA since 1977. Ms. Harris is therefore, a United States government employee.

2. Pursuant to the Department of the Treasury, Internal Revenue Service Notice 609 commonly referred to as the "Privacy Act Notice"; (which advocates that an individual call, write or visit the Internal Revenue Service, if that person has questions pertaining to the rules for filing taxes or giving information to the IRS), in the early part of the year 1999, the Defendant contacted the IRS with questions regarding information she had obtained based upon her good faith studies of the subject matter that questioned and challenged the application of the Internal Revenue Code to her, and, raised questions about whether she lawfully owed federal income taxes.

3. The Defendant continued her study of the Internal Revenue Code and of relevant cases.

4. After receiving no information or guidance from the Internal Revenue Service, on April 25, 2000, the Defendant filed with the IRS, an IRS Form 1040, based upon her good faith understanding of the law. That Form 1040 claimed that no taxes were due and owing by her as an individual for the year 1999. _See_ Attachment "A". Since the government had paid her salary and had withheld funds from her salary, the government was aware of her income and could not have been misled by the form 1040 which she had filed. In addition, the government had been regularly collecting taxes which it claimed were due from Ms. Harris through the withholding process. _See_ Attachment "A".

5. Again, on April 16, 2001, Ms. Harris filed a similar IRS form 1040, claiming that the Defendant did not owe federal income taxes for the year 2000. *See* Attachment "B". However, since the government paid her salary, the government was aware of her income and could not have been misled as to what her income was. Indeed, employees at the CIA were interested in her approach to the income tax law as it applied to her and although the government, through the CIA was aware of her income, it declined to withhold sums from her salary, apparently in agreement with her that no taxes were due and owing. Thus, the government, which is now prosecuting her, for alleged fraudulent activities, was fully aware of all of the relevant facts at all times pertinent to the Indictment and based upon those facts declined to withhold funds for tax purposes.

6. Ms. Harris also filed a four-page affidavit, signed under the penalty of perjury, and attached to her April 16, 2001 tax return, explaining why it was her belief that she did not owe any federal income taxes. *See* Attachment "C". Not only did Ms. Harris not seek to perpetrate a fraud or to mislead her employer, the United States government, or the IRS, but she fully and completely made a good faith statement as to her understanding of the law as it applied to her. Subsequently, many years later, and two years after Ms. Harris filed tax forms acceptable to the IRS the government, which had previously not challenged her clearly set forth conclusions, decided to indict her.

7. Contrary to the provisions of the Department of the Treasury, Internal Revenue Service Notice 609, the IRS did not contact Ms. Harris until February 2001 regarding her beliefs and/or her reasoning as to why she owed no federal income taxes.

8. In July of 2001, Ms. Harris contacted the IRS once again, putting forth her reasoning as to why she was not required to pay a federal income tax. *See* Attachment "D".

9. After meeting with the IRS, Ms. Harris retained counsel and with his help, amended her 1999 and 2000 tax returns. On June 24, 2004, Ms. Harris submitted her 1999 amended 1040 Tax Return; (*See* Attachment "E"); on May 14, 2004, Ms. Harris submitted her Amended 2000 Tax Return; (See Attachment "F"); on May 19, 2004, Ms. Harris submitted her 2001 Amended Tax Return; (See Attachment "G") on May 14, 2004, Ms. Harris submitted her 2002 Amended Tax Return; (See Attachment "H"); and on May 24, 2004, Ms. Harris submitted her 2003 Amended Tax Return. *See* Attachment "I".

10. Despite the Defendant's filing of the aforementioned 1999 through 2003 Amended Tax Returns, the Defendant, two years later, was indicted for willfully attempting to evade or defeat a federal and District of Columbia income tax, in violation of 26 U.S.C. §7201 and D.C. Code §3221(a). *See* Docket at 1. She had never willfully attempted to evade or defeat a tax obligation; she had patiently sought to explain her good faith belief to the government, her employer, and the government apparently accepted her conclusions. When the IRS finally stated that it did not agree with her good faith conclusions, although she had not been either indicted nor charged in any manner, she retained counsel and filed appropriate forms that the IRS at long last had informed her she was obligated to file.

**ARGUMENT**

In order to charge a defendant for violation of 26 U.S.C. 7201, the government must be able to demonstrate (1) the existence of a tax deficiency; (2) an affirmative act constituting an evasion or attempted evasion of a federal income tax; and (3) willfulness. *See Sansone v. United States*, 380 U.S. 343, 351 (1965) and *Spies v. United States*, 317 U.S. 492, 497 (1943).

## I.  WILLFULNESS

As the Supreme Court has acknowledged, there has no doubt been a proliferation of statutes and regulations governing our nation's tax laws which have made it difficult for the average citizen to know and comprehend the extent of the duties and obligations imposed by the Internal Revenue Code.  *See Cheek v. United States*, 498 U.S. 192, 199-200 (1991).  There has also been a great deal of information available to any citizen in a multitude of forums to include the World Wide Web, that assert that the nation's tax laws are unlawful, and that specifically, they do not apply to a person in Ms. Harris's situation.

Indeed, while the government insists that the IRS statutes and codes are written in stone, and may be not safely be challenged, the United States Court of Appeals for the District of Columbia has just recently determined that a portion of the tax law, as applied, is unconstitutional and has made clear that the Courts, not the IRS, determines what is taxable income.  *See Murphy v. IRS, Case No.: 05-5139*; Slip Op. at 4; ___F.3d___, 2006 WL 2411372  (D.C. Cir. August 22, 2006)

The government cannot penalize Ms. Harris because she has unorthodox views regarding the tax laws, and because she chose to question the IRS  regarding the legality of the United States Internal Revenue Code.

A good-faith misunderstanding of our tax laws, or a good-faith belief that one is not violating the tax laws, negates willfulness, whether or not Ms. Harris's belief or misunderstanding of the tax laws is "objectively reasonable".  *See Cheek supra*, 498 U.S. at 203, 206.

The record in this case demonstrates that there was never any willful intent by the Defendant to evade, and/or to withhold payment of a tax that was due and owing.  *See* Attachment "C" & "D".   "Mere knowing and intentional default in the payment of a tax, where there had been no willful failure to disclose the liability" cannot be construed as a violation of 26 U.S.C. §7201.  *See*

4

*United States v. Bishop*, 412 U.S. 346, 351-352 (1973).  The Defendant's amended returns clearly demonstrate that there was no willful failure to disclose a tax liability.  More importantly, the government knew at all times what Ms. Harris's tax liability was, since the government was the entity that paid her salary.

The Supreme Court has also recognized that the word "willfully" as applied to §7201 requires a showing by the government of a voluntary, intentional violation of a known legal duty.  A violation of §7201 mandates that the government must prove beyond all reasonable doubt, that the Defendant had "bad faith or evil intent," (*See United States v. Murdock*, 290 U.S. at 389, 398 (1934));  or an "evil motive and want of justification in view of all the financial circumstances of the taxpayer," (*See Spies, supra*, 317 U.S. at 498);  or knowledge that the taxpayer "should have reported more income than he did."  *See Bishop, supra*, 412 U.S. at 361;  and *Sansone, supra*, 380 U.S. at 353;  *See Also James v. United States*, 366 U.S. 213, 221 (1961) and *McCarthy v. United States*, 394 U.S. 459, 471 (1969).  The government does not allege that the Defendant had financial difficulties, and was therefore attempting to evade taxes because of a financial plight.

The record clearly demonstrates that the Defendant was an upper middle class employee of the federal government. The record also reveals that the Defendant contacted the IRS, in an effort to determine her tax liabilities, and once the IRS learned of the Defendant's argument as to why she did not owe a federal income tax, refused to discuss her tax liabilities with her, which was in clear contradiction to the IRS's own policy.  *See* IRS Privacy Act Notice  609.

The record also establishes that the Defendant never had an evil intent or a bad motive with regard to paying her federal income taxes.  *See* Attachment "C" & "D".  Ms. Harris questioned the legality of the Internal Revenue Code, and whether Ms. Harris's beliefs were objectively reasonable is of no import.  *See Cheek supra*, 498 U.S. at 203, 206.

5

## II.   THE GOVERNMENT HAS FAILED TO ESTABLISH THAT THE DEFENDANT EVER EVADED, OR ATTEMPTED TO EVADE A FEDERAL INCOME TAX

The distinction between 26 U.S.C. §7203, *e.g.*; willful failure to pay a tax when due, which is a misdemeanor, and 26 U.S.C. §7201, *e.g.*; willful attempt to defeat and evade a tax, which is a felony, is apparent on the face of the statutes.

There could have been no attempt to willfully evade a federal income tax by the Defendant, since the government knew precisely what her income was, in that the government paid her salary. In addition, long before Ms. Harris was indicted, Ms. Harris had accurately reported her income.

The Defendant never "willfully" failed to file, since she had a good faith belief that she was not required to file, as defined by the United States Supreme Court in *Cheeks*.

The record reveals that there has been no attempt by the Defendant whatsoever, to have evaded, or attempted to evade a federal income tax, or that the Defendant ever "willfully" evaded or attempted to evade a federal income tax.

It is true that the Defendant did in fact question whether there was a valid income tax due and owing from her, which is her statutory and her constitutional right. However, the Defendant's right to have questioned her tax liabilities have now cost her severe penalties and interest regarding the taxes that she chose to question.

The record in this matter clearly demonstrates that two years prior to the government bringing forth an indictment against Ms. Harris for allegedly willfully attempting to evade a federal income tax, Ms. Harris in fact filed Amended Tax Returns for the years that she is now charged with allegedly evading. These Amended Tax Returns accurately state Ms. Harris's income earned, and the amount of taxes that were due and owing, and the government does not dispute this fact.

Ms. Harris has now paid in full all taxes due and owing, as well as the penalties for the years 1999 & 2000, and continues to pay the back taxes, penalties and interest that are currently owed for the years 2001 and 2002. Ms. Harris has also paid her 2003, 2004 and 2005 federal income taxes.

When defining the distinction between the felony tax evasion statute; *e.g.*; 26 U.S.C. §7201; as compared to the misdemeanor statute which penalizes the willful failure to pay a tax; *e.g.*; 26 U.S.C. §7203; the Supreme Court declared:

> The difference between the two offenses, it seems to us, is found in the affirmative action implied from the term "attempt," as used in the felony subsection. It is not necessary to involve this subject with the complexities of the common-law "attempt." The attempt made criminal by this statute does not consist of conduct that would culminate in a more serious crime but for some impossibility of completion or interruption or frustration. This is an independent crime, complete in its most serious form when the attempt is complete, and nothing is added to its criminality by success or consummation, as would be the case, say, of attempted murder. Although the attempt succeed in evading tax, there is no criminal offense of that kind, and the prosecution can be only for the attempt. We think that in employing the terminology of attempt to embrace the gravest of offenses against the revenues, Congress intended some willful commission in addition to the willful omissions that make up the list of misdemeanors. Willful but passive neglect of the statutory duty may constitute the lesser offense, but to combine with it a willful and positive attempt to evade tax in any manner or to defeat it by any means lifts the offense to the degree of felony.

*Spies, supra*, 317 U.S. at 498-499 (1943)

Although the Defendant did timely file her initial tax returns for the years 1999 and 2000, of which Ms. Harris declared that she believed she had earned no income as defined and described by the Internal Revenue Code, the Defendant subsequently corrected these tax returns with Amended Tax Returns for the years 1999 and 2000, as well as filing Amended Tax Returns for the years 2001 and 2002, long before any Grand Jury convened, and the government charged Ms. Harris for alleged violation of §7201.

Additionally, Ms. Harris's 's correspondence to the Internal Revenue Service, (*See* Attachment "D") as well as her Affidavit attached to her 2000 Tax Return, (*See* Attachment "C"); demonstrate that the Defendant had filed her initial returns in good faith. The IRS never attempted to contact Ms. Harris with regard to her 1999 and 2000 tax returns until years later, which was contrary to Internal Revenue Privacy Act Notice 609. Thus, the government has failed to establish that Ms. Harris ever evaded, or attempted to evade a federal income tax, much less "willfully" attempted to evade a federal income tax, and the indictment must be dismissed on this issue alone. The most generous, indeed charitable, reading of the case law from the government's perspective, might assert that Ms. Harris, at most, could be charged under 26 U.S.C. §7203. Instead, she has been recklessly charged with a felony in violation of 26 U.S.C. §7201. That is a fatal defect, and for that reason alone the indictment must be dismissed

### III.   THE DEFENDANT COULD NOT HAVE PERPETRATED A FRAUD AGAINST THE GOVERNMENT

In each and every Count of the Indictment, the government alleges that the Defendant filed a "false and fraudulent" tax return, and "making false and fraudulent verbal and written representations to the government." *See* Indictment, Docket at 1.

Mrs. Harris is an employee of the United States Central Intelligence Agency, and has worked for the CIA since 1977, serving the nation faithfully for almost thirty years. Ms. Harris is a government employee. The government knew at all times what the Defendant's salary was, as well what as her tax liability was. There was no fraud, and no attempted fraud as both parties were well aware of all of the relevant facts, and the fact that the other party was well aware of the relevant facts. The Defendant had, and has a First Amendment as well as a statutory right to question the government regarding her taxes, no matter how "objectively reasonable" the

8

questions regarding the Internal Revenue Code may be.  That is the black letter law.    The government's argument has no merit, and its fabricated charges must be dismissed.

**WHEREFORE**,  the Defendant, Cassandra Harris respectfully moves the Court for an entry of an Order dismissing the Indictment with prejudice, and grant any other relief to the Defendant that the Court may deem proper.

Respectfully Submitted,

s/ Mark Lane\_\_\_\_\_
MARK LANE
The Lane Law Firm
2523 Brunswick Rd
Charlottesville, Va. 22093

(434) 293-2349
Attorney for Cassandra Harris

Dated:  September 14, 2006

9

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2006, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

**Susan Beth Menzer**
U.S. ATTORNEY'S OFFICE
555 Fourth Street, NW
Washington, DC 20530
(202) 514-6968
Fax: (202) 307-2304
Email: *susan.menzer@usdoj.gov*

**Diane G. Lucas**
U.S. ATTORNEY'S OFFICE
555 Fourth Street, NW
Room 5921
Washington, DC 20530
(202) 514-8097
Fax: (202) 305-8537
Email: *diane.lucas@usdoj.gov*

Law Firm of Dennis Eshman, PLLC
1717 K St. NW
Suite 600
Washington, DC 20036
Phone: (202) 332-1244
Fax: (703) 339-8783
Email:**eshmanlaw@cox.net**

                                                        S/  Mark Lane

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CASE No.:  1:06-cr-00124-ESH |
| | ) | |
| CASSANDRA HARRIS, | ) | |
|     Defendant | ) | |

**ORDER DISMISSING THE INDICTMENT**

   This action was heard on the Defendant's Motion to Dismiss the Indictment, and;


   IT IS ADJUDGED  that the Indictment charging the Defendant Cassandra Harris, with willful failure to evade or defeat a federal income tax is hereby dismissed, with prejudice.


   DONE AND ORDERED,  in Chambers,  this the ___ day of September, 2006.