IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,          ) | |
|       Plaintiff,                                      ) | |
|                                                             ) | |
|       v.                                                      ) | CASE No.:  1:06-cr-00124-ESH |
|                                                             ) | |
| CASSANDRA HARRIS,                        ) | |
|       Defendant                                    ) | |

**MOTION TO INSPECT THE GRAND JURY MINUTES**

    The Defendant Cassandra Harris, by and through undersigned counsel and pursuant to Rule 6(e)(3)(E)(i) hereby moves the Court for an entry of an Order permitting the Defendant to inspect the minutes of all proceedings before the Grand Jury of the United States for the District of Columbia, which issued the indictment in the above captioned matter.

September 14, 2006


s/ Mark Lane_____
MARK LANE
The Lane Law Firm
2523 Brunswick Rd
Charlottesville, Va. 22093

(434) 293-2349
Attorney for Cassandra Harris

**MEMORANDUM IN SUPPORT OF THE DEFENDANT'S
MOTION TO INSPECT THE GRAND JURY MINUTES**

The Defendant Cassandra Harris, by and through undersigned counsel, and pursuant to Rule 6(e)(3)(E)(i) hereby submits the following Memorandum in support of her Motion to Inspect the Grand Jury Minutes. In furtherance of the Defendant's Motion, the Defendant states as follows:

That the undersigned counsel was retained in this matter on September 6, 2006. Upon review of the record, and also upon review of the discovery provided by the government pursuant to Rule 16, Federal Rules of Criminal Procedure, undersigned counsel learned that there was no indictment appearing in the record, and no indictment presented by the government, which demonstrates that a grand jury ever returned a proper indictment in open court.

The indictment appearing on the record is unsigned by a United States Attorney, and by a grand jury foreperson. *See* Docket at 1. The indictment provided by the government pursuant to Rule 16, Federal Rules of Criminal Procedure, is signed by the United States Attorney for the District of Columbia, and although the indictment states that it is in fact a "TRUE BILL", the indictment is not signed by a grand jury foreperson.

The indictment charges the Defendant in five counts, for allegedly willfully attempting to evade or defeat a federal income tax, in violation of 26 U.S.C. §7201, for the years 1999 through 2002. Count Five of the indictment also charges the Defendant with willfully evading a District of Columbia tax, 22 D.C. Code 3221(a).

Beginning in early 1999, the Defendant contacted the IRS, stating her belief that she did not owe a federal income tax, and requesting guidance as to where, within the Internal Revenue Code, did the Code mandate the Defendant to pay a federal income tax. The IRS never responded to the Defendant's assertion, or her request for information.

1

In February, 2001, the Defendant met with agents representing the IRS. After meeting with the IRS, Ms. Harris retained counsel and with his help, amended her 1999 and 2000 tax returns, and also filed 2001, 2002 and 2003 Amended Tax Returns.

Despite the Defendant's filing of the aforementioned 1999 through 2003 Amended Tax Returns, the Defendant, two years later, was allegedly indicted for willfully attempting to evade or defeat a federal and District of Columbia income tax, in violation of 26 U.S.C. §7201 and D.C. Code §3221(a). *See* Docket at 1.

The record is clear that the Defendant never willfully attempted to evade or defeat a tax obligation, and the Counts of the Indictment, at best, charge the Defendant with the wrong statute.

The Defendant now questions whether the grand jury which allegedly brought forth the indictment, was informed of the 1999 through 2003 Amended Tax Returns. The Defendant is informed and she now believes that there were matters brought before the Grand Jury which are material to the preparation of her defense.

As of this date, the government has yet to provide any evidence, through the discovery process, of supporting the allegation contained in the indictment which charges the Defendant with purportedly making "false and fraudulent verbal and written representations" to the government. *See* Indictment, Docket at 1.

Disclosure of grand jury materials is permitted when directed by the Court. *See* Federal Rule of Criminal Procedure 6(e)(3)(C)(i); and *United States v. Sells Engineering Inc*. 463 U.S. 442 (1883).

In *Dennis v. United States*, 384 U.S. 855, 86 S. Ct. 1840, 16 L. Ed. 2d 973 (1966), the Supreme Court ruled that a trial court has a duty to lift the lid of secrecy on Grand Jury proceedings in aid of the search for truth, and an obligation to inspect and to disclose any

2

inconsistencies. In particular, when a defendant has challenged the Grand Jury concurrence, disclosure is wholly proper when disclosure, rather than suppression, will promote the proper administration of criminal justice. *Dennis*, *supra*, 384 U.S. at 868-873.

In the instant matter, there is a particularized need to inspect the grand jury minutes, to include the grand jury transcripts, to insure that a grand jury did in fact; (A) properly return an indictment against the Defendant; and (B) to insure the Defendant's right to exculpatory evidence as defined and described in *Brady v. Maryland*, 373 U.S. 83, (1963).

The Defendant certifies that the foregoing Motion to Inspect the Grand Jury transcripts is not for the purpose of delay.

**WHEREFORE**, the Defendant, Cassandra Harris respectfully moves the Court for an entry of an Order directing the United States Attorneys Office to make available to the Defendant a copy of the grand jury minutes, to include the grand jury transcripts, which are material to the preparation of Ms. Harris's defense. Enlarge the Defendant's time within which he may move to dismiss the indictment herein until thirty (30) days after receipt of the Grand Jury transcripts.

Respectfully Submitted,

September 14, 2006


s/ Mark Lane
MARK LANE
The Lane Law Firm
2523 Brunswick Rd
Charlottesville, Va. 22093
(434) 293-2349
Attorney for Cassandra Harris

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2006, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

**Susan Beth Menzer**
U.S. ATTORNEY'S OFFICE
555 Fourth Street, NW
Washington, DC 20530
(202) 514-6968
Fax: (202) 307-2304
Email: susan.menzer@usdoj.gov

**Diane G. Lucas**
U.S. ATTORNEY'S OFFICE
555 Fourth Street, NW
Room 5921
Washington, DC 20530
(202) 514-8097
Fax: (202) 305-8537
Email: diane.lucas@usdoj.gov

Law Firm of Dennis Eshman, PLLC
1717 K St. NW
Suite 600
Washington, DC 20036
Phone: (202) 332-1244
Fax: (703) 339-8783
Email:eshmanlaw@cox.net

                                                                                             S/ Mark Lane

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>         Plaintiff,                           )<br>                                                 )<br>         v.                                       )<br>                                                 )<br> CASSANDRA HARRIS,             )<br>         Defendant                        ) | CASE No.: 1:06-cr-00124-ESH |

**ORDER DIRECTING THE GOVERNMENT TO PRODUCE THE
GRAND JURY MINUTES**

This action was heard on the Defendant's motion to produce the grand jury concurrence, and;

IT IS ADJUDGED  that the grand jury concurrence shall be made available to the Defendant, Cassandra Harris, and her attorney, Mark Lane, Esquire.

DONE AND ORDERED,  in Chambers,  this the ___ day of September, 2006.

5