# GOVERNMENT EXHIBIT 7

Internal Revenue Service
Philadelphia, PA 19255

Re: Cassandra Harris

This is in reply to your letter of June 26, 2000 in which you notified me that "we are proposing to change your return."

This letter is to put you on notice that there is no Code Section in the Internal Revenue Code that authorizes the IRS to "change" returns.

Income tax is based on "self assessment" - see Treasury Reg. 601.103. "Our income tax system is voluntary and the Internal Revenue Service must perforce rely on the self assessment of the taxpayer. "In Re Schmitt 140 B.R. 571 (1992) "under the ordinary usage of the English language a 'self-assessment' would appear to be an 'assessment' which is accomplished by the taxpayer himself... I therefore conclude that a self-assessment is the taxpayer's own representation on the income tax return of his or her tax liability" Fuller v. United States, 615f. Supp. 1054, 1057, 1058 (D.C. cal. 1985). **In addition**, the IRS "ADP and IRS information" manual (Document 6209, Cat. No. 614620) defines a transaction Code 150 (TC 150), in relevant part, as follows:

> "A tax liability assessed form the original return establishes a tax module... this TC 150 when posted to Entity Transaction Section indicates the master file Entity was created from the posting of the return."

Thus it is clear from **all of the evidence above** that **ONLY I** can make a "self assessment" concerning what my income tax liability might be for 1999. Since I concluded that my 1999 income tax liability is "zero" for that year, I did not "self-assess" myself with any income tax liability for that year; therefore, no income tax liability is shown on my 1999. This being the case and in conformity with the meaning of a TC 150, no income tax liability can be assessed from my 1999 return. Consequently no "tax module" or "Master File Entity" can be "created" for me with respect to 1999 income taxes. Therefore, you can not "change" my 1999 return, because you legally do not even have a "tax module" to work from.

Therefore you have no legal authority to "change" my return, nor to assess any amount other than what is shown on my return - and if any IRS employee attempts to do otherwise, they will do so at their own criminal and /or civil peril.

If the IRS believes I owe taxes for 1999 for which I failed to assess myself, then the IRS can sue me as provided for in Code Section 6501(c) and I will be happy to litigate the matter in district court.

In addition, I have attached to this letter regulation 31 CFR 0.205 which provides that the Federal employees are not permitted to "alter... documents or data in the custody of the Federal

-1-

Government without proper authority," and since my 1040 is a "document" in your "custody," I need to see your "authority" to alter that document.

In addition, I have also enclosed an excerpt from the Supreme court decision **FEDERAL CROP INSURANCE CORP VS. A.A. MERRILL, 332 U.S. 380**. Note that the court held in that decision that:

> Anyone entering into an arrangement with the government **takes a risk** of having accurately ascertained that he who purports to act for the government stays within the bounds of his authority, even though the agent himself may be unaware of the limitations upon his authority. (emphasis added)

Note that the Supreme Court in this decision warns the public that those who pay attention to what federal employees say "takes the risk" that such employees may not be acting " within the bounds of (their) authority" and that such employees may even be "unaware of the limitations of (their) authority."

Well I am not **PREPARED TO TAKE THAT "RISK."**

Therefore, I am demanding a meeting (and audit of my 1999 1040) to determine whether or not the person or persons who "changed" my return had the "proper authority" (as described in 31 CFR 0.205) to do so, in order and to avoid my having to "take the risk" described in the Supreme Court case cited above.

I am requesting an office audit/meeting at which time you should have available:

  1. The "text of any written determination and any background file documents relating to (the) determination" that my "zero" return was not correct as provided in 26 USC 6110
  2. Since Sections 6001 and 6011 (as referred to in the Privacy Act Notice that is contained in the 1040 booklet) only direct me to **comply with Treasury regulations**, I will expect you to have the Treasury regulation that imposes upon me a legal obligation to treat seriously the "changes" you have proposed in my 1999 return.
  3. The statue and implementing regulation that allowed you to "change" my 1999 return, and
  4. Your Delegation Order from the Secretary of the Treasury authorizing you to act in his behalf.

Without these documents I will be unable to "ascertain" (pursuant to the Federal Crop decision cited above) whether the IRS agents who "changed" my return, acted "within the bounds of (their) authority." I will be calling you to arrange a time and place for that meeting.

Constitutionally yours,

*[signature]*

-2-

1428

31 CRF Subtitle A (7-1-97 Edition)

**0.205  Care of documents and data**

(a) Employees shall not conceal, remove, alter, destroy, mutilate or access documents or data in the custody of the Federal Government without proper authority.

(b) Employees are required to care for documents according to Federal law and regulation, and Department procedure (18 U.S.C. 2071, 5 U.S.C. 552, 552a)

(c) The term *documents* includes, but is not limited to, any writing, recording, computer tape or disk, blueprint, photograph, or other physical object on which information is recorded.

-3-