# GOVERNMENT EXHIBIT 21

Name: CASSANDRA Harris

Social Security # ▮▮▮▮▮▮▮▮▮

To: The Internal Revenue Service and State Income Tax Board

**This statement is being submitted as a part of my 2000 D-40EZ Income Tax Return and is an integral part of that return.**

I am filing this D-40EZ return even though I know that no section of the Internal Revenue Code establishes an individual or personal "income tax" liability applicable to me. Although there are sections of the Internal Revenue Code which do make certain "persons" involved in "revenue taxable activities" liable for the income tax, i.e. Section 4401 (wagering), Section 5005 (distillers), Section 5703 (tobacco), there is no statue or regulation in 26 U.S.C., and the implementing 26 CFR regulations that make me liable for the income tax.

Further, although there are requirements for filing a tax "return" in 26 U.S.C. Section 4374, 4401(c), 5601(a) and 5703(b), with respect to other types of taxes, there is no requirement in 26 U.S.C. or 26 CFR requiring me to file a 1040 or State Income Tax Return.

In spite of the fact that there is no statue or regulation in the United States tax laws that makes me liable for the income tax or requires me to file a 1040 or D40 Income Tax Return, I am filing this return for the purpose of obtaining a refund of those funds belonging to me, withheld by the employer and turned over to your agency as evidenced on the attached W-2 Form.

**IMPORTANT NOTE: Even though this W-2 form use the term "wages." I earned no taxable "wages" in 2000, as such term is defined in United States tax laws. As you are aware "wages" are only earned by the following:**

> Federal register, Tuesday September 7, 1943, 404, 104, pg. 12267: Employee: "The term employee specifically includes officers and employees whether elected of appointed of the United States, a state, territory, or political subdivision thereof or the District of Columbia or any agency or instrumentality of any one or more of the foregoing.
>
> 26 U.S.C. 3401 (c) EMPLOYEE. "For purposes of this chapter, [Chapter 24, Collection of Income Tax at Source on Wages], the term employee includes an **officer, employee or elected official of the United States,** a State or any political subdivision thereof, or the District of Columbia, or any agency or instrumentality of any one or more of the foregoing. The term employee also includes an officer of a corporation."

Page 1 Of 4 (Plus Return)

> (c) Generally, physician, lawyers, dentist, veterinarians, contractors, public stenographers, auctioneers, and others who follow and **independent trade, business, or profession,** in which they offer their services to the public, <u>**are not employees.**</u>
>
> **3401(a) WAGES.** For the purposes of this chapter [Chapter 24, Collection of Income Tax at Source on Wages], the term "wages" means all remuneration (other than fees paid to a public official) for services performed by an <u>employee</u> [of the United States, a State or any political subdivision thereof, of the District of Columbia or any agency or instrumentality of any of the foregoing or an officer of a corporation..."

Based upon these definitions, which only have applicability in United States tax laws, it can be concluded that "wages" do constitute "gross income." However I did not earn "wages" or "gross income" as such terms are defined in United States tax laws. I, therefore, had no "taxable income" for 2000 or any other year. I also did not receive "compensation for services" as defined in United State tax laws and I had no "gross income" as such term is defined in United States tax laws.

> **Public Salary Act of 1939, TITLE I SECTION 1.** Sec. 22(a) of the Internal Revenue Code relating to the definition of **"gross income,** is amended after the words **"compensation for personal service"** the following: "including [only] personal service <u>as an officer or employee of a State or any political subdivision thereof, or any agency or instrumentality of any one or more of the forgoing."</u>

Although as previously documented I am a non-resident to the state of the forum of United States tax laws, I am aware that citizens have been illegally prosecuted under the Internal Revenue Codes Sections 7201 and 7203 for the non-existent "crime" of allegedly failing to file a 1040 and D40 income tax form.

Therefore, this return (and other previously filed tax returns) is not being filed voluntarily. It is being filed because of fear of being illegally penalized and prosecuted for failure to file a return for 2000.

It should be noted that the courts have ruled that "a (1040) form with 'zeros' inserted in the space provided...qualified as a return." See U.S. vs Long, 618 F. 2d 74 (9th Circuit 1980); U.S. vs Kimbal, No 87-1392 D.C. No. Cr 86-0017-ECR (9th Cir. Filed 2/26/1990); and U.S. vs Moore, 627 F. 2d 830 (7th Cir.)

I had "zero" income, in 2000 and all previous years according to the Supreme Court's definition of income. According to U.S. vs Ballard, 535 F. 2d 400, 405, the word "income" has not been defined in Title 26, Internal Revenue Code. The definition, however, is limited to the true meaning of the word at the time the Code was enacted.

Page 2 of 4 (Plus Return)

<blockquote>
Income, as defined by the Supreme Court means, <u>gains and profits</u> as a result of <u>corporate activity</u> and <u>profit</u> gained through the sale or conversion of capital assets." <u>Stanton v Baltic Mining Co.</u> 240 U.S. 103, <u>Stratton's Independence v. Howbert</u> 231 U.S. 399. <u>Doyle v. Mitchell Bros.</u> Co. 247 U.S. 179, <u>Eisner v. Macomber</u> 252 U.S. 189, <u>Evans v. Gore</u> 253 U.S. 245, <u>Merchants Loan & Trust Co. V. Smietanka</u> 225 U.S. 509.
</blockquote>

The definition of income was also clearly given in 1918 in the Supreme Court decision of <u>Doyle vs Mitchell</u>, 247 U.S. 179, 330, "Whatever difficulty there may be about a precise and scientific definition of 'income,' it imports, as used here [in the Internal Revenue Code}...the idea of <u>gain</u> or <u>increase</u> arising from <u>corporate activities</u>... I must <u>reject</u> in this case...<u>the broad contention submitted in behalf of the Government that all receipts, everything that comes in - are within the proper definition of the term 'gross income'</u>... I earned no income as defined by the Corporation Excise Tax.

"Certainly the term 'income' has no broader meaning in the 1913 Act than that of 1901 (See <u>Stratton's independence vs Hauberk</u>, 231 U.S. 399, 416, 417)...I assume that there is no difference in its' meaning as used in the two acts" <u>Southern Pacific C. vs John Z. Owe, Jr.</u>, 247 U.S. 330, 335 (1918).

Further the Supreme Court Case of <u>Eisner vs MACOMBER</u>, 252 U.S. 189 ruled:

"...It becomes essential to distinguish between what is and what is not "income," according to <u>truth and substance</u>, without regard to form. <u>Congress cannot, by any definition it may adopt, conclude the matter since it cannot by legislation, alter the Constitution from which it derives its power to legislate, and within whose limitations alone, that power can be lawfully exercised...</u>" [Income is} <u>Derived–from–capital–the–gain–derived–from–capital</u>, etc. Here we have the essential matter – not gain <u>accruing</u> to capital, not growth or increment of value in the investment, but a <u>gain</u>, a <u>profit</u>, something of exchangeable value...<u>severed from the capital</u> however invested or employed, and coming in, being "derived," that is received or drawn by the recipient for his separate use, benefit and disposal - that is the income derived from property. Nothing else answers the description..." The emphasis was in the original ruling.

The following rulings are quoted from <u>Conner v. United States</u>, 303 f Sup 1187 (1969) pg 1191. "...the meaning of income in its everyday sense is a <u>gain</u>...the amount of such <u>gain</u> recovered by an individual in a given period of time." Webster's Seventh New Collegiate Dictionary, p. 425 "<u>Income in nothing more or less than realized gain</u>" Shuster v. Helvering 121 F 2d 643 (2d Cir 1941). " <u>It [income] is not synonymous with receipts</u>," 47 C.J.S. Internal Revenue 98, p. 226."

Page 3 of 4 (plus Return)

In conclusion of my examination of the tax laws and the Supreme Court rulings, **all 1099's have been filed illegally against me**. Therefore, if there is a problem the IRS should pursue my employer for fraud.

Having full knowledge of the above well-settled definitions of income, I can only swear under the penalty of perjury that I have earned zero income for 2000 and all other previous years. Any other statement would not be true and would subject me to criminal penalties.

Sincerely,

Page 4 of 4 (Plus Return)

123

0123