UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

OCT 0 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|  | ) |
| v. | ) |
|  | ) |
| CASSANDRA HARRIS, | ) |
|  | ) |
| Defendant. | ) |

Criminal No. 06-00124 (ESH)

## MEMORANDUM OPINION

Defendant, Cassandra Harris, is charged with four counts of felony tax evasion in violation of 26 U.S.C. § 7201 and one count of first-degree fraud in violation of D.C. Code § 22-3221(a). She has filed four pretrial motions that the government now opposes: a "Motion to Produce the Record of the Grand Jury Concurrence," a "Motion to Inspect the Grand Jury Minutes," a "Motion for Disclosure of All *Brady* Material," and a "Motion to Dismiss the Indictment." For the reasons explained below, the Court will deny defendant's motions.

### BACKGROUND

According to the indictment, in 1999 defendant filed a federal withholding certificate (Form W-4) falsely claiming she was exempt from withholdings. She then filed a tax return for the 1999 tax year falsely stating that she had no income and owed no taxes. Defendant filed this return knowing that her total income was substantially greater than what she reported and that she owed a substantial tax to the United States. She took these same actions when filing her Form W-4 and tax return for the 2000 tax year.

For the tax years 2001 and 2002, defendant again filed a Form W-4 falsely stating she

was exempt from withholdings. For these tax years, however, defendant failed to file timely tax returns.

In addition, defendant is alleged to have made various fraudulent representations in her District of Columbia tax forms. She filed a District of Columbia withholding certificate (Form D-4) falsely stating she was exempt from withholdings. For the 1999 tax year, she filed a District of Columbia tax return falsely stating she had no income and owed no taxes. Defendant also "ma[de] verbal and written claims that she was not obligated to file District of Columbia income tax returns or pay any income taxes to the District of Columbia." Consistent with such claims, she did not pay her taxes for the 2000 tax year. For the 2001 and 2002 tax years, she both failed to pay her taxes and failed to file timely tax returns.

## ANALYSIS

**I.    Motion to Produce the Record of the Grand Jury Concurrence**

Defendant moves the Court to order the Clerk of the Court to produce the record demonstrating that twelve grand jurors agreed in open court to defendant's indictment. Defendant contends such an order is necessary because the indictment contained in this case's electronic record is not signed by the grand jury foreperson. However, the Government has already filed an electronic copy of the indictment on file with the Clerk's office. The indictment is signed by the grand jury foreperson. Accordingly, the defendant's motion is moot.

**II.    Motion to Inspect the Grand Jury Minutes**

Defendant also moves the Court for an order allowing her to inspect the minutes of the grand jury proceedings, in their entirety. She contends she should be permitted to inspect the grand jury minutes (a) because the indictment was not signed by the grand jury foreperson, and

she needs to verify that the grand jury in fact returned an indictment against her; and (b) because the grand jury may not have been presented with evidence that she ultimately amended her 1999 and 2000 tax returns.

Defendant's arguments are unpersuasive. First, as discussed above, the indictment against her was signed by the grand jury foreperson. Second, this Court has already ruled that evidence of defendant's subsequent attempts to pay her outstanding tax liabilities shall be excluded from these proceedings. *United States v. Harris*, No. 06-00124, Order (D.D.C. Aug. 17, 2006). Moreover, the government was under no obligation to present such evidence to the grand jury. Thus, defendant has not shown "that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(2)(E)(ii).

## III. Motion for Disclosure of All *Brady* Materials

Defendant also asks for an order directing the government to disclose "any and all documents, pleadings, recordings, transcripts, books, papers photographs or any other tangible objects or matter" to which she is entitled under *Brady v. Maryland*, 373 U.S. 83 (1963) and Federal Rule of Criminal Procedure 16. Defendant describes the materials she seeks in general terms. The only potentially exculpatory evidence she requests with specificity is her "IRS Individual Master File."

Under *Brady*, the government is required to disclose all potentially exculpatory evidence "material either to guilt or to punishment." 373 U.S. at 87. Evidence is material if there is a "reasonable probability" that its disclosure could affect the outcome of the case. *E.g.*, *United States v. Bagley*, 473 U.S. 667, 682 (1985).

Here, the government states it has complied with its discovery obligations. No doubt is

3

cast on the government's representation by defendant's abstract descriptions of the additional

materials she seeks. As for the "IRS Individual Master File," defendant says nothing to

contradict the government's representation that the information contained therein is cumulative

of information to which she already has access. Thus, defendant has failed to show a reasonable

probability that the evidence she requests, to the extent it exists, could affect the outcome of her

case. *See id.*

**IV.    Motion to Dismiss the Indictment**

Finally, defendant moves the Court to dismiss the indictment on the ground that the

government cannot demonstrate the elements of the crimes with which she is charged. She

contends the government cannot demonstrate a violation of 26 U.S.C. § 7201 because it can

show neither that she committed "an affirmative act constituting an evasion or attempted evasion

of a federal income tax," nor that she acted willfully. Similarly, she claims he government

cannot demonstrate a violation of D.C. Code § 22-3221(a) because the facts show she could not

have perpetrated a fraud.

**A.    26 U.S.C. § 7201**

The parties agree on the required elements of felony tax evasion under 26 U.S.C. § 7201.

The government must show (1) "an affirmative act constituting an evasion or attempted evasion"

of a federal tax, (2) "a tax deficiency," and (3) that the defendant acted willfully. *See Sansone v.*

*United States*, 380 U.S. 343, 351 (1965).

An affirmative attempt to evade or defeat payment of a federal tax involves conduct

calculated to mislead the Internal Revenue Service ("IRS"). *See Spies v. United States*, 317 U.S.

492, 499 (1943) (listing examples of such conduct). For example, the filing of a false tax return

4

can constitute such an act. *Cf. United States v. Habig*, 390 U.S. 222, 222, 227 (1968) (reversing

a district court's dismissal, on statute of limitations grounds, of an indictment charging the filing

of a false tax return as a violation of 26 U.S.C. § 7201). Similarly, several courts have held that

the filing of a false Form W-4 constitutes such an act. *See, e.g., DiPetto v. United States*, 936

F.2d 96, 97 (2d Cir. 1991) (per curiam) ("The filing and maintaining of the false forms W-4

satisfied the affirmative act requirement . . . .").

Here, the government has alleged that defendant filed two false tax returns, and that she

both filed and maintained a false Form W-4. Defendant argues that, in her case, such acts do not

constitute an affirmative attempt to evade or defeat payment of a federal tax. In so arguing, she

argues based on various "facts" not contained within the four corners of the indictment: that the

government knew what her salary was despite her representation that she had no income; that she

accurately reported her income long before she was indicted; that she has now paid taxes and

penalties for 1999 and 2000; that she continues to pay back-taxes, penalties, and interest for 2001

and 2002; and that an affidavit she submitted with her 2000 tax return, and other correspondence

to the IRS, shows she filed her tax returns in good faith. Although defendant may prove such

facts at trial,[1] this Court cannot consider facts beyond the four corners of the indictment. *See,

e.g., United States v. Safavian*, 429 F. Supp. 2d 156, 159 (D.D.C. 2006) ("The Court cannot

properly consider such matters in evaluating a motion to dismiss the indictment.").

Defendant's argument that the government cannot show willfulness is similarly

unavailing. Willfulness is the "voluntary, intentional violation of a known legal duty." *E.g.*,

---

[1] As already noted, however, evidence regarding defendant's amendments to her 1999 and 2000 tax returns, and evidence that she has paid off some of her delinquent taxes, will be inadmissible.

*United States v. Cheek*, 498 U.S. 192, 201 (1991). The government bears the burden of "negating a defendant's claim of ignorance of the law or a claim that because of a misunderstanding of the law, he had a good-faith belief that he was not violating any of the provisions of the tax laws." *Id.* at 202. However, the government is not obligated to meet this burden prior to trial. *See Safavian*, 429 F. Supp. 2d at 158–59.

**B.    D.C. Code § 22-3221(a)**

"A person commits . . . fraud in the first degree if that person engages in a scheme or systematic course of conduct with intent to defraud or to obtain property of another by means of a false or fraudulent pretense, representation, or promise and thereby . . . causes another to lose property." D.C. Code § 22-3221(a) (2001). Defendant argues that she cannot have committed first-degree fraud because, given that she was employed by the CIA, the government knew what her taxable salary was. Once again, instead of presenting the Court with a theory of how the government has failed to state "the essential elements of the offense charged," defendant advances an argument based on a fact not alleged in the indictment. Fed. R. Crim. P. 7(c)(1). Moreover, defendant provides no case law (and the Court has found none) supporting an argument that employees of federal agencies who misstate their income on tax returns are immune to charges of fraud.

In sum, defendant's motion to dismiss the indictment, "while purporting to address matters of law only, in fact argues for dismissal almost entirely on sufficiency-of-the-evidence grounds." *Safavian*, 429 F. Supp. at 158. These are arguments for the trial, not for the Court on a motion to dismiss.

## CONCLUSION

For the foregoing reasons, defendant's motions are **DENIED**.

Ellen S Huvelle
_____
ELLEN SEGAL HUVELLE
United States District Judge

October 5, 2006