UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| | : |
| v. | : Criminal No. 06-124 (ESH) |
| | : |
| **CASSANDRA HARRIS,** | : |
| | : |
| **Defendant** | : |

### GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States of America, by and through its attorneys, pursuant to Rule 30 of the Federal Rules of Criminal Procedure, respectfully request that the Court give the following jury instructions in addition to the standard instructions, and further requests leave to file any additional and further instructions as may appear necessary and proper.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

_____
Susan Menzer D.C. Bar #421007
Diane G. Lucas, D.C. Bar #443610
Assistant United States Attorneys
Fraud and Public Corruption Section
555 4th Street NW, Fifth Floor
Washington, DC 20530
(202) 514-6968 (Menzer)
(202) 514-8097 (Lucas

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 1

### Tax Evasion-Nature of Offense

Counts One, Two, Three and Four of the Indictment charge that for the calendar years 1999, 2000, 2001 and 2002, in the District of Columbia, defendant Cassandra Harris willfully attempted to evade or defeat a substantial income tax which was due and owing to the United States for the respective years.[1]

---

[1] See O'Malley, Grenig and Lee, Federal Jury Practice and Instructions (5th ed. 2000), § 67.01, p. 531 (modified to reflect the charges in this case).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 2

### Income Tax Imposed; Requirement to File Income Tax Returns and Pay Taxes Due

The Income Tax System is not voluntary.[2] The Internal Revenue Code requires all individuals to file a tax return if their gross income exceeds the amount of the standard deduction allowed by law for their filing status plus the amount of the personal exemptions that the individuals are allowed by law to claim.[3] Gross income is defined by the Internal Revenue Code as "all income from whatever sources derived." Gross income includes compensation for services, such as wages or salaries, and interest.[4]

If you find that the defendant is unmarried and was under sixty-five years old at the end of each tax year, the law required her to file tax returns if her gross income exceeded the following amounts for the following years:

| Calendar Year | Gross Income |
|---|---|
| 1999 | $7,050 |
| 2000 | $7,200 |
| 2001 | $7,450 |
| 2002 | $7,700 |

---

[2] See 26 U.S.C. § 1 (c) ("There is hereby imposed on the taxable income of every individual . . . who is not a married individual a tax determined in accordance with the following table."); United State v. Dunkel, 900 F.2d 105, 108 (7th Cir. 1990); United States v. Hurd, 549 F.2d 118, 120 (9th Cir. 1977).

[3] 26 U.S.C. §§ 6011, 6012(a)(1)(A)(iv). The term "standard deduction" is defined at 26 U.S.C. § 63. The exemptions are set forth at 26 U.S.C. § 151. The amount of the standard deduction and the personal exemption are adjusted annually for inflation. 26 U.S.C. §§ 63 and 151.

[4] 26 U.S.C. § 61; United States v. Sloan, 939 F.2d 499, 500 (7th Cir. 1991); Coleman v. Commissioner, 791 F.2d 68, 70 (7th Cir. 1986); United States v. Richards, 723 F.2d 646 (8th Cir. 1983); United States v. Romero, 640 F.2d 1014 (9th Cir. 1981).

Finally, you are instructed that the Internal Revenue Code requires individuals to pay any income tax imposed on them, without any requirement of notice or demand from the IRS. If the individual operates on a calendar year basis, his or her income tax is due by April 15th of the following year.[5] If, however, that day falls on a weekend or a legal holiday, then the law extends the due date to the next regular business day.[6]

---

[5] 26 U.S.C. § 6071.

[6] 26 U.S.C. § 7503.

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 3

### Tax Evasion:  Elements of the Offense

The defendant is charged in Counts One through Four with income tax evasion for the calendar years 1999, 2000, 2001 and 2002.  Each count relates to a separate calendar year.  It is against federal law to intentionally evade or defeat the assessment or payment of federal income tax.  For you to find the defendant guilty of this crime, the government must prove the following elements beyond a reasonable doubt:

First, that the defendant owed substantially more federal income tax for the calendar year in question than she reported on her tax return;

Second, that the defendant made an affirmative attempt to evade or defeat the assessment of this tax;

Third, that the defendant acted willfully.

Any willful failure to comply with the requirements of the Internal Revenue Code for one year is a separate matter from such failure to comply for a different year.  The tax obligations of the defendant in any one year must be determined separately from the tax obligations in any other year.[7]

---

[7] See O'Malley, Grenig and Lee, Federal Jury Practice and Instructions (5th ed. 2000), § 67.24, p. 639; Pattern Jury Instructions for the District Courts of the First Circuit, Section 4.26 (modified);U.S. v. Smith, 267 F.3d 1154 (D.C. Cir. 2001).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 4

### First Element - Tax Due

The first element of the tax offense charged in Counts One through Four, which the government must prove beyond a reasonable doubt, is that defendant received income that he did not report and owed substantial federal income tax for calendar years 1999, 2000, 2001 and 2002. The government does not have to prove the exact amount that the defendant owed,[1] nor need it prove that all of the taxes charged in Counts One through Four were evaded.[2] The government is required to establish only that defendant attempted to evade a substantial income tax during the year in question, regardless whether it is more or less than the amount set forth in the Indictment. Whether the amount is "substantial" turns on whether the taxes owed are substantial in comparison to what was reported.

---

[1] See 3 Sand, et al., Modern Federal Jury Instructions, ¶ 59.01 at 59-4 (1999); O'Malley, Grenig and Lee, Federal Jury Practice and Instructions (5th ed. 2000), § 67.08, p. 584.; United States v. Wilson, 601 F.2d 95, 99 (3d Cir. 1979); United States v. Burdick, 221 F.2d 932, 934 (3d Cir.), cert. denied, 350 U.S. 831 (1955).

[2] 2 E. Devitt, C. Blackmar & K. O'Malley, Federal Jury Practice Instructions, § 56.08 (4th ed. 1990).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 5

**Second Element - Attempt to Evade Taxes or Defeat Such Tax**

A person may not be convicted of federal tax evasion on the basis of a willful omission alone; she also must have undertaken an affirmative act of evasion. The affirmative act requirement can be met by the filing of a false or fraudulent tax return that substantially understates taxable income, by the filing of a false or fraudulent Form W-4,[3] or by other affirmative acts of evasion. An affirmative act of evasion is any act the likely effect of which is to mislead or conceal.[4] In determining whether or not the defendant committed an affirmative act of evasion, the question is not whether the government relied on the defendant's conduct but whether or not the conduct is evidence of a willful attempt to evade and defeat the assessment of the defendant's tax.[5]

Each count of the Indictment with respect to her federal tax liability charges as an affirmative act of evasion that the defendant filed a false and fraudulent IRS Form W-4 claiming exemption from federal income taxes. In this regard, I instruct you that all employees are required by law to furnish their employer with a signed Withholding Allowance Exemption Certificate, otherwise known as an IRS Form W-4, indicating the number of withholding exemptions that the employee claims. The employee may not claim more exemptions than he or she is entitled to claim. Once an exemption certificate is furnished to an employer, that certificate remains in effect until the employee furnishes the employer with a new exemption

---

[3] United States v. Waldeck, 909 F.2d 555, 559-60 (1st Cir. 1990)(false Form W-4 claiming exempt status may constitute an affirmative act of evasion of assessment or evasion of payment).

[4] Spies v. United States, 317 U.S. 492, 499 (1943).

[5] Waldeck, 909 F.2d at 559.

certificate. Under some circumstances, an employee is entitled to claim total exemption or that he or she is exempt from withholding of federal income taxes. To properly claim exempt status, however, the individual must have owed no federal income tax in the year before filing the Form W-4 in question and he or she must not anticipate owing any federal income tax in the year to which the Form W-4 applies.[6]

Counts One and Two of the Indictment also charges as one of the affirmative acts of evasion that defendant filed false and fraudulent Individual Income Tax Returns for the calendar years 1999 and 2000, in which she falsely stated that her total income was $0 and that the total tax due and owing thereon was $0. With respect to these Counts, you are instructed if you find that the defendant knowingly filed false returns

---

[6] 26 U.S.C. § 3402(f); see also DiPetto v. United States, 936 F.2d 96 (2d Cir. 1991); United States v. Williams, 928 F.2d 145 (5th Cir. 1991); United States v. Williams, 928 F.2d 145, 148-49 (5th Cir.), cert. denied, 502 U.S. 811 (1991); United States v. Waldeck, 909 F.2d 555 (1st Cir. 1990); United States v. Connor, 898 F.2d 942 (3d Cir. 1990). Courts also agree that the filing of one false W-4 form satisfies the affirmative act requirement for each year that it remains in effect. See Williams, 928 F.2d at 149 (defendant properly convicted of tax evasion regarding years 1983-85 where false W-4 claiming 50 exemptions was filed in 1983 and remained in effect through the prosecution period); DiPetto, 936 F.2d at 96 (defendant under a continuing obligation to correct intentional misrepresentations on the form).
.

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 7

### Third Element - Willfulness

To sustain its burden of proof for the crimes of Tax Evasion as charged in Counts One through Four of the Indictment, the government must prove beyond a reasonable doubt that the defendant acted "willfully."

To act willfully means to act voluntarily and deliberately and intending to violate a known legal duty. Negligence, even gross negligence, is not enough to meet the "willful" requirement.[7] Thus, if the defendant acted in good faith, he cannot be guilty of the crimes charged. The burden to prove intent, as with all other elements of the crime, rests with the government. This is a subjective standard: what did the defendant honestly believe, not what a reasonable person should have believed.[8] However, you may consider the reasonableness of the defendant's professed belief when determining whether the defendant had an actual misunderstanding of the requirements of the law or merely disagreed with the law.[9] A disagreement with the law or a belief that the tax laws were unconstitutional is not a defense to the crimes charged in this indictment.[10]

---

[7] O'Malley, Grenig and Lee, Federal Jury Practice and Instructions (5th ed. 2000), § 67.20, p. 621.

[8] Pattern Jury Instructions for the District Courts of the First Circuit, § 4.26.

[9] Cheek v. United States, 498 U.S. 204, 203-204 (1991)

[10] Id; United States v. Bonneau, 970 F.2d 929, 931 (1992).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 8

### Willful Blindness
(If appropriate)

In deciding whether defendant knew what the law required of her, you may infer that defendant had knowledge of a fact if you find that she deliberately closed her eyes to a fact that otherwise would have been obvious to her. In order to infer knowledge, you must find that two things have been established. First, that the defendant was aware of a high probability of the fact in question. Second, that the defendant consciously and deliberately avoided learning of that fact. That is to say, the defendant willfully made herself blind to that fact. It is entirely up to you to determine whether she deliberately closed her eyes to the fact and, if so, what inference, if any, should be drawn. However, it is important to bear in mind that mere negligence or mistake in failing to learn the fact is not sufficient. There must be a deliberate effort to remain ignorant of the fact.[11]

---

[11] Pattern Jury Instructions for the District Courts of the First Circuit, Section 2.15; United States v. Alston-Graves, 435 F.3d 331, 335 (D.D.C. 2006); United States v. Gabriele, 63 F.3d 61, 66 n.6 (1st Cir. 1995); United States v. Brandon, 17 F.3d 409, 451-52 n.72 (1st Cir. 1994).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 9

### Tax Laws Are Constitutional
(If appropriate)

Since the Sixteenth Amendment to the U.S. Constitution was ratified in 1913, the U.S. Supreme Court and the lower federal courts have consistently upheld the constitutionality of the income tax laws.[12]

---

[12] See Brushaber v. Union Pacific R.R., 240 U.S. 1 (1916); Eisner v. Macomber, 252 U.S. 189, 205 (1920); Quiljano v. United States, 93 F.3d 26, 30 (1st Cir. 1996); In re Becraft, 885 F.2d 548 (9th Cir. 1989).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 10

**First Degree Fraud**

Counts Five of the Indictment charges that from January 1, 1999, through April 15, 2003, in the District of Columbia, defendant engaged in a scheme and systematic course of conduct with intent to defraud the District of Columbia by failing to pay income taxes that she was required by law to be paid in the approximate value of $24,475 for the calendar years 1999 through 2002.

In order to sustain its burden of proof for the crime of first degree fraud as charged in Count Five of the Indictment, the government must prove the following four (4) elements beyond a reasonable doubt:

One: The defendant engaged in a scheme or systematic course of conduct;

Two: The defendant did so with the intent to defraud the District of Columbia by means of a false or fraudulent pretenses, representations or promises;

Three: As a result of that scheme or systematic course of conduct, the defendant obtained property of the District of Columbia, consisting of District of Columbia income taxes; and

Four: That the property lost or obtained had a value of $250.00 or more.[13]

---

[13] Pattern Jury Instruction 4.41.

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 13

### A Scheme

A scheme is any pattern of behavior calculated to deceive persons of ordinary prudence and comprehension.  A systematic course of conduct is a pattern of activity.  It need not exist over an extended period of time, but there must be more than an isolated act[14].

---

[14] Pattern Jury Instruction 4.41

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 14

### Intent To Defraud

To act with the intent to defraud means to act knowingly and with the purpose to deceive or cheat. An intent to defraud ordinarily is accompanied by a desire or purpose to bring about some gain or benefit to oneself or some other person or by a desire or purpose to cause some loss to some person. The government need not prove that the defendant intended to defraud any particular person, so long as it proves that she intended to defraud any person.

A false or fraudulent pretense, representation or promise is any statement or assertion that concerns a material or important fact or a material or important fact or a material or important aspect of the matter in question. The term includes an actual, direct false statements, a half-truth, and a knowing concealment of a fact that is material or important to the matter in question. The defendant must have known that the statement or assertion was untrue when she made or used it, or have made or used it with reckless indifference as to whether it was, in fact, true or false.

A material fact is a fact that would be important to a reasonable person in making a decision about a particular matter or transaction.[15]

---

[15] Pattern Jury Instruction 4.41.