UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 06-124 (ESH) |
| | : | |
| v. | : | |
| | : | |
| CASSANDRA HARRIS, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
TO DISMISS DUE TO PROSECUTORIAL MISCONDUCT**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby opposes defendant's Motion to Dismiss Due to Prosecutorial Misconduct. Defendant's Motion is replete with factual inaccuracies, devoid of any legal basis and appears to be another attempt to delay the trial proceedings. Accordingly, her motion should be summarily denied.

**FACTUAL BACKGROUND**

The following synopsis has been compiled based upon the Court's docket entries and the undersigned counsels' notes and recollection. Unfortunately, defendant did not order the transcripts of any of the proceedings referenced in her Motion.[1]

1. On February 24, 2006, defendant along with prior counsel, Dennis Eshman, met

---

[1] On December 21, 2006, more than three weeks ago, Mr. Lane informed the government that he was considering filing the instant motion. See Lane Letters to AUSA Susan Menzer, dated 12/21/06 and 12/22/06 (attached as Exhibits 1 & 2). The government immediately notified him that his factual allegations were incorrect. See Government Letter to Lane, dated 12/22/06 (attached as Exhibit 3). Although he had ample time to do so, it does not appear that Mr. Lane made any attempts to verify his client's representations regarding matters that occurred before Mr. Lane entered his appearance in this case. Instead, he waited three weeks and filed the instant motion on a holiday weekend, knowing that the government would have great difficulty obtaining the relevant hearing transcripts before January 22, 2007 when the trial is scheduled to begin.

with the undersigned Assistant United States Attorneys and Internal Revenue Service Special Agent Sharnell Thomas at the U.S. Attorney's Office. During the meeting, the government explained to defendant and counsel that the United States Department of Justice, Tax Division, had referred defendant's case for prosecution. Further, the government provided defendant with an oral pre-indictment plea offer, which was reduced to writing and forwarded to counsel on February 27, 2006.

      2.      On March 14, 2006, Mr. Eshman notified the government that defendant rejected the pre-indictment plea offer.

      3.      On May 10, 2006, the grand jury returned an indictment, charging defendant with four counts of tax evasion in violation of 26 U.S.C. § 7201 and one count of First Degree Fraud, in violation of 22 D.C. Code § 3221(a) for the 1999 through 2002 tax years. Defendant was arraigned on May 15, 2006, before Magistrate Judge Alan Kaye.

      4.      On May 23, 2006, defendant appeared with counsel before this Court. The government agreed to extend the pre-indictment plea offer until June 6, 2006. The government subsequently agreed to meet with defendant and counsel on June 5, 2006 to further discuss the matter. The status hearing was rescheduled for June 6, 2006.

      5.      On June 5, 2006, Assistant United States Attorney Diane Lucas received a voice mail message from Mr. Eshman canceling the June 5, 2006 meeting and informing the government that defendant rejected the plea offer.

      6.      On June 6, 2006, Assistant United States Attorneys Diane Lucas and Susan Menzer appeared for the government. The Court was informed that defendant had rejected the plea offer. This Court asked the government whether it was willing to extend the expiration of

the plea offer and to further discuss the matter with defendant and counsel.  The Court scheduled another status hearing for June 12, 2006.  Once the hearing was adjourned, with permission of this Court, the government, defendant and defendant's counsel met in the courtroom for further plea negotiations and to discuss the sentencing guidelines.  At that meeting, the government reiterated its position regarding the plea offer and informed defendant and counsel of the evidence the government intended to present at trial.  Defendant, through counsel, argued that defendant's subsequent tax filings and partial payments supported a good faith defense.  The government stated that it did not believe she had a viable defense.[2]  To support that contention, the government offered to provide case citations regarding the inadmissibility of that evidence.  Later that day, Mr. Eshman provided Assistant United States Attorney Diane Lucas with his email address to forward the relevant citations.

      7.      On June 9, 2006, Assistant United States Attorney Diane Lucas received a voice mail message from Mr. Eshman indicating that defendant was seeking a second opinion from other counsel.

      8.      On June 12, 2006, when she arrived in her office, Assistant United States Attorney Diane Lucas received another voice mail message from Mr. Eshman indicating that defendant was still seeking a second opinion from other counsel and wanted an extension of the plea offer.  Later that morning, a status hearing was held before the Court.  Assistant United States Attorney Lucas appeared for the government; Assistant United States Attorney Menzer was outside the jurisdiction.  Mr. Eshman informed the Court that defendant was seeking a

---

[2] Defendant incorrectly asserts that this meeting in the well of the Court took place on June 16, 2006.  See Defendant's Motion at ¶ 17.

second opinion, but had been unsuccessful in finding a tax attorney to review her case. The Court offered to contact Assistant Federal Public Defender Michelle Peterson to allow defendant to discuss her case with another attorney.[3] The defendant was agreeable to meet with Ms. Peterson that day, if she was available.

9. On June 13, 2006, Assistant United States Attorney Diane Lucas was informed by Mr. Eshman that defendant again rejected the plea offer.

10. On June 16, 2006, another status hearing was held before this Court. Assistant United States Attorney Lucas appeared for the government. Assistant United States Attorney Menzer was before the Honorable Paul L. Friedman on another matter. The government and defendant informed the Court that efforts to resolve the matter had failed. Trial was scheduled for September 25, 2006.

11. On July 26, 2006, Assistant United States Attorney Diane Lucas received a telephone call from Attorney Roger Olson, indicating that he had been asked to represent defendant and sought a meeting with government counsel.

12. On July 28, 2006, the government briefly met with Mr. Olson and another attorney, Chaya Kundra, at the U.S. Attorney's Office.

13. On August 17, 2006, Assistant United States Attorney Susan Menzer appeared for the government. Defendant was represented by Mr. Eshman. The Court granted the government's Motion in Limine, scheduled required pre-trial filings and advised defendant of her right to testify.

---

[3] Defendant also incorrectly asserts that defendant was "ordered" to meet with the Public Defender's Office on June 6, 2006. See Defendant's Motion at ¶ 16.

14. On September 6, 2006, attorney Mark Lane entered his appearance and filed a Motion to Continue the Trial. On September 8, 2006, the government filed an opposition to the Motion to Continue.

15. On September 15, 2006, this Court permitted Mr. Eshman to withdraw and granted defendant's Motion to Continue the Trial until January 22, 2007. A status hearing was set for December 11, 2006 to determine where the parties were with regards to a pre-trial disposition of the case.

16. In anticipation of the December 11, 2006 status hearing, Assistant United States Attorney Menzer attempted to speak with Mr. Lane. When she telephoned his office in Charlottesville, Virginia, she was informed by his assistant that Mr. Lane was in trial in Philadelphia and could not be reached during working hours. Ms. Menzer was given the option of telephoning him at his home during the weekend.

17. On December 10, 2006, Mr. Lane sent an email to the government, in which he stated, in part:

> I think it is important that we talk before we appear before the Court for a status call. I do appreciate your reaching out to me for such a talk. . . I would very much appreciate it if either of you could call me on my cell phone (#omitted) at any time after 7:00AM on Monday to discuss the case or to arrange to meet on Monday morning between 9:00AM or 9:30AM, depending on the traffic.

See Lane Email, dated 12/1/06 (attached as Exhibit 4 with redactions). The government agreed to meet Mr. Lane in the Courthouse cafeteria on December 11, 2006 before the hearing to discuss the matter. In addition to the undersigned Assistant United States Attorneys, IRS Special Agent Sharnell Thomas and D.C. Office of Tax and Revenue Special Agent Joseph Sadler attended. Mr. Lane's assistant was also in attendance. Defendant was not present. Mr. Lane again

attempted to secure a misdemeanor plea offer.  During the course of the discussions, Mr. Lane asserted, as he has in Court, that defendant had a valid defense.  According to Mr. Lane, defendant researched the issues by reading some books and believed in good faith that she was not required to pay taxes.  Assistant United States Attorney Menzer stated that the defendant did not even read the books.[4]  Mr. Lane notified the government that he would discuss the matter again with his client.

18.    On December 18, 2006, Mr. Lane inquired whether the government would allow him to seek a sentence below the guideline range.  See Lane Letter to Ms. Menzer, dated 12/18/06 (attached as Exhibit 5).  The government requested additional information before answering counsel's query.  See Menzer Email to Mr. Lane, dated 12/19/06 (attached as Exhibit 6).  The government did not receive a reply to its inquiries.

---

[4] Assistant United States Attorney Menzer made this statement based upon information provided by Mr. Eshman or defendant during one of the aforementioned meetings.  At no time has defendant been "interrogated" by the undersigned counsel, nor has she been required to make statements regarding the evidence or the case.  Moreover, defendant has always been represented by counsel at any meeting with government counsel.

Furthermore, the government vehemently disputes many of the facts as set forth in Sue Herndon's affidavit.  Specifically, Assistant United States Attorney Menzer did not state that she had questioned the defendant.  It is telling that Ms. Herdon declared under penalties of perjury that Ms. Menzer referred to three books when the government was aware of two books only.  See Defense Exhibit at ¶¶ 8, 9 and 12.  It is also telling that Mr. Lane has not submitted to the Court Ms. Herndon's notes or those taken by his client throughout this case.

The government is only aware of two books that defendant purported relied upon.  During an interview on December 13, 2004 with Special Agent Thomas, defendant showed her two books which she purported relied upon in determining that she was not required to pay taxes.  Mr. Lane, has been sent two CD ROMS which contain the scanned images of the two books the government believed defendant showed to IRS Special Agent Thomas.  The instant motion is the first time the government has heard that defendant consulted a third book.

## **ARGUMENT**

The government did not act improperly. In fact, the government has bent over backwards to accommodate defendant by repeatedly extending plea offer deadlines, offering its theory of the case, providing legal research and explaining to her in detail the various consequences depending upon if she were to accept the government's plea offer or if she proceeded to trial and was convicted. Obviously disappointed with the government's refusal to change its plea offer, defendant has gone on the offensive, alleging facts that are not true and threatening to impugn government counsels' professional careers with threats of disciplinary proceedings before the District of Columbia bar counsel.

There is absolutely no legal basis for this Court to entertain defendant's Motion to Dismiss. Defendant was represented by counsel during ever meeting she had with government counsel. Even if she was asked questions, which she was not, she was under no obligation to respond. The sole purpose of each of these meetings was to provide defendant with information regarding the strength of the evidence against her and the possible advantages and consequences of entering into a plea agreement or taking her case to trial.

Further, there was no reason for the government to question defendant on June 6, 2006. The Indictment had been returned and the government was fully prepared to proceed to trial with overwhelming evidence of her guilt. If any statements were made by defendant or her counsel during either the February 24, 2006 or June 6, 2006 meetings, they were freely made and not in response to direct questioning by the government. Contrary to defendant's representations, defendant's prior counsel acted in her best interests and in conformity with the practice of other

defendants' attorneys in similar situations. His lack of federal court experience was irrelevant.[5]

The government has properly advised Mr. Lane that it does not intend to offer any statements made during the course of plea negotiations during its case-in-chief. See Exhibit 3. Although not required, but to prevent further delay of the trial, the government will also agree not to use any statements made by defendant or her counsel for impeachment purposes as well.[6]

WHEREFORE, for the foregoing reasons, the United States requests this Court to deny defendant's Motion to Dismiss.

> Respectfully submitted,
>
> JEFFREY A. TAYLOR
> UNITED STATES ATTORNEY
>
> _____
> Susan Menzer
> Diane G. Lucas
> Assistant United States Attorneys
> Fraud and Public Corruption Section
> 555 4th Street NW, Fifth Floor
> Washington, DC 20530
> (202) 514-6968 (Menzer)
> (202) 514-8097 (Lucas)

---

[5] Defendant consulted Roger Olson, a seasoned tax attorney who served as Assistant Attorney General for the Tax Division from May 1986 to June 1987. Mr. Olson approached the government, seeking to obtain a better plea offer for defendant. The government was not swayed and informed Mr. Olson that the government's offer would not change.

[6] There is no legal precedent requiring the Court to delay the trial to enable defendant to file an interlocutory appeal. See 28 U.S.C. §1291. Denial of a motion to dismiss based upon alleged prosecutorial impropriety is not appealable until defendant has been tried, convicted and sentenced. See Midland Asphalt Corp. v. United States, 489 U.S. 794 (1989)(denial of motion to dismiss indictment based on unauthorized disclosure of grand jury matters not appealable as collateral order); United States v. Poindexter, 859 F.2d 216, 222 (D.C.Cir.1988) (denial of motion to dismiss indictment based on immunized testimony not appealable), cert. denied, 490 U.S. 1004 (1989); United State v. Brizendine, 659 F.2d 215 (D.C.Cir.1981) (claim of prosecutorial vindictiveness could not be considered in an interlocutory appeal).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal No. 06-124 (ESH) |
| | : | |
| v. | : | |
| | : | |
| **CASSANDRA HARRIS,** | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

# ORDER

After having duly considered the Defendant's Motion to Dismiss Due to Prosecutorial Misconduct and the Government's Opposition, it is HEREBY ORDERED that Defendant's Motion is DENIED.

IT IS SO ORDERED.

_____
ELLEN SEGAL HUVELLE,
District Judge