# GOVERNMENT EXHIBIT 1



# The Lane Law Firm
2523 Brunswick Road   Charlottesville, VA 22903
Tel [434] 293-2349          Fax [434] 293-9013

Mark Lane                                                                   Patricia E. Lane
mlane777@cs.com                                                      plane888@cs.com

December 21, 2006

**VIA E-mail
and US Mail**

Susan Beth Menzer, Esq.
US Attorney's Office
555 Fourth Street, NW
Washington, DC  20530
susan.menzer@usdoj.gov

**Re:  US v Harris**

Dear Ms. Menzer:

  I had entered into good faith efforts to negotiate with you with the hope that a trial might be avoided. We met in the courthouse cafeteria at 10:00 AM just before the last status call. Also present were your associate, my paralegal and two representatives of the District of Columbia.

  You very firmly, indeed aggressively, stated that Ms. Harris did not have a viable defense in your judgment. That evaluation, you stated, was based upon the fact that when you questioned Ms. Harris about the books that she had relied upon as the basis for her good faith defense she admitted to you that she had not read them. That representation by you was indeed a most telling argument since it undermined her entire theory of defense. That representation was being utilized by you to convince me, and through me, my client, that since she had no viable defense she had no choice but to enter a guilty plea to a felony.

  I then conducted an inquiry into how you had obtained that alleged admission from Ms. Harris before I represented her. It is my understanding that the attorney for Ms. Harris had never tried a criminal case. Issues as to his inability to provide effective assistance had been raised by the court, and in your presence, on more than one occasion. Indeed the court required Ms. Harris and her counsel to meet with the Public Defender's office in an effort to inform counsel for Ms. Harris as to aspects of the law that were relevant to this case. I was not familiar, in fifty-six years of practice, with such a

procedure. Clearly that order demonstrated beyond cavil the court's view of counsel's inability to render effective assistance to the client on his own.

Subsequently, when sentencing guidelines were discussed, the court, I have been informed, directed Ms. Harris and her attorney to meet with you in chambers in the absence of the court, so that you could explain to counsel an aspect of the guidelines related to a downward consideration. This was required by the court, as you fully understood, since counsel was unfamiliar with the applicable statutes and rules.

Ms. Harris has asserted that she would never have agreed to meet with you to discuss any aspect of the case, but that since she was required by the court to meet with you she complied with that clear direction. I am confident that the court expected you to abide by her order and the rules of professional responsibility and that she never would have arranged and directed that such a meeting should take place without the expectation that you would do so.

It was at the meeting that you improperly questioned Ms. Harris about the very basis of her defense and informed her that her defense, after your examination of her, was useless. You then utilized her alleged admission in a meeting with me in order to secure a plea agreement to a felony

In essence Ms. Harris was not represented by counsel when you cross examined her about what she had read and when you undermined her defense, since her attorney was unable to offer effective assistance of counsel. The courts have held that permitting a defendant to make incriminating statements to the prosecution is a performance that falls well below the objective standards of reasonableness and comprises ineffective assistance of counsel.

I have not filed numerous motions based upon misconduct of counsel and before doing so I make it a rule, as a matter of professional courtesy, to inform counsel of my intention. I filed such a motion in the first trial in the United States District Court of the Wounded Knee cases after we had spent the better part of a year trying that case. The court, the senior judge in South Dakota, granted that motion and in a precedent setting decision, dismissed the case comprised of numerous felony counts. The Circuit Court of Appeals for the Eighth Circuit affirmed that decision unanimously and the government sought no further review.

In the United States District Court for the District of Columbia, in a civil case against ABC-TV and its owners, I filed a similar motion before trial due to misconduct by the corporate defendant and possibly counsel (members of powerful and influential law firms). The court granted that motion, the Court of Appeals later set aside that ruling, and the civil defendants immediately entered into an agreement acceptable to the plaintiffs, to settle the case.

In *U.S. v. Harris* it is my present intention to file a motion to dismiss due to prosecutorial misconduct in which an order of the court to discuss sentencing questions

2

was violated and turned into a cross examination of a defendant who was present only because the court had ordered her to be there. If there are any assertions as to facts in this letter with which you disagree please inform me in writing as soon as possible. I approach this task much more in sorrow than in any other emotion, but my concern for the rights of my client must be, as you can appreciate, paramount.

   In a letter to me you stated that you had recently discussed this case with your "Chief". I would appreciate it if you provided the name of your superior to me as well as contact information so that I can inform counsel, presumably uninvolved in this misconduct, with the issues that are now present.

Very truly,

Mark Lane